# White v. White.

### *Action of Assumpsit.*

1. *Review in Supreme Court of findings of fact by trial court* —Where the trial is had in the court below by consent of the parties, without the intervention of a jury, and the bill of exceptions purports to set forth all the evidence : on appeal, the statute devolves on the Supreme

Court the duty of reviewing the findings and conclusions of facts on which the judgment is based.

2. *Election of creditor to accept or reject a trust.*—Where plaintiff's debtor deposited with defendant for collection promissory notes for an amount exceeding plaintiff's debt, with instructions to pay the debt, and defendant on collecting the notes refused, on demand, to pay plaintiff's debt, and plaintiff with full knowledge of all the facts, resorted to and pursued to judgment his legal remedies against his original and primary debtor, the creator of the trust, he thereby manifested conclusively the election to reject the trust.

3. *Failure of consideration by act of promisee*—There can be no re-covery on a contract or promise the consideration of which the promisee has by his own voluntary act annulled and destroyed.

4. *Same.*—Where plaintiff in a suit against L. garnished S., who admitted an indebtedness to L. of an amount larger than plaintiff's claim, and defendant claimed that he had a transfer of part of said indebtedness, and in order to avoid further litigation, and save defendant the expense of proving his claim under the transfer, notes of S. for an amount exceeding his indebtedness both to plaintiff and de-fendant were deposited by L. with defendant, with the understanding that defendant should pay plaintiff his claim when the notes were collected, and that the garnishment proceedings should be discon-tinued, and the garnishment proceedings were prosecuted to judg-ment; such prosecution worked a total failure of the consideration for defendant's promise.

5. *Statute of frauds.*—The statute of frauds, (Code, § 1732), not only requires that promises to pay the debt of another shall be in writing, but that the writing shall express the consideration on which the promise is founded.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This suit was brought by Elias F. White against John L. White, the complaint being as follows: (1) "The plaintiff claims of the defendant seven hundred and fifty dollars, for money received 1st day of May, 1891, to the use of plaintiff, and which, with interest thereon, is due and unpaid." (2) "The plaintiff claims of the defend-ant the other and further sum of seven hundred and fifty dollars, due from him as follows: Plaintiff had a suit pend-ing against L. V. White for the sum of five hun-dred and twenty dollars, upon which a writ of garnishment was issued, and served upon J. L. Simpson, returnable to this court. The said Simp-son answered an indebtedness to said L. V. White of $1,700. The defendant claimed that he had a transfer

of $250 of said indebtedness due from said Simpson to L. V. White, and which, being deducted, left due from said Simpson to L. V. White an amount sufficient to pay plaintiff's said demand against L. V. White, with interest and costs, whereupon, in order to save the expenses necessary to a propounding of defendant's claim in said suit, it was agreed that said Simpson might pay over to said defendant the amount shown to be due said L. V. White, and the defendant then agreed and promised, when this payment should be made to him, after deducting the amount due defendant, and assigned to him, of said indebtedness, he would pay plaintiff a sum sufficient to discharge his said claim against L. V. White, and all costs. And plaintiff avers that said Simpson, under and by virtue of said agreement, paid to defendant the said sum due L. V. White, and upon which plaintiff had acquired a statutory lien by service of said writ of garnishment, and plaintiff avers that said defendant has failed and refused to pay plaintiff the said sum so due him by said L. V. White; hence this suit." (3) "Plaintiff claims of the defendant seven hundred and fifty dollars, due by a promise in writing dated April 23, 1892, as follows : 'I have collected some of that note, and Dr. Simpson wrote me he was ready to pay the rest of it, and if Lem [meaning L. V. White] don't come by the time Simpson pays the rest of the note, I will let you know I get the rest of the money, if he should not come I will pay it off myself. I would rather Lem would come and settle his own matters, but I will get all the money in my hands, and you are sure to get your money.' And plaintiff avers that defendant collected, under said agreement set out in the second count, from said Simpson, the balance mentioned in said writing, and has wholly failed and refused to pay plaintiff's claim of said money so collected from said Simpson, garnishee, as aforesaid ; and plaintiff avers that there was a sufficiency of said funds so collected by defendant in his hands to pay plaintiff's said demand, after deducting the amount due him ; and plaintiff avers that said L. V. White did not come by the time Simpson paid the defendant the said note, and the defendant has wholly failed to pay plaintiff the said sum so due from said L. V. White, which defendant so promised to pay ; hence this suit." To the first count the defendant pleaded the general issue, and as to the second

and third counts of the complaint, he pleaded the statute of frauds.

CASSADY, BLACKWELL & KEITH, and A. P. AGEE, for the appellant.

Judgment ought not to have been rendered against appellant,

1st. Because the appellee did not agree to accept, or accept, the PROVISION made for the payment of his notes against L. V. White and wife; but thereafter brought suit against said L. V. White and wife, and at the same time sued out garnishments against J. L. White and J. L. Simpson; and furthermore, no consideration having passed between J. L. White and L. V. White for the former's promise to pay the latter's debt to E. E. White, said L. V. White revoked any instructions, express or implied, that he ever gave J. L. White to pay E. F. White out of the proceeds of the second Simpson note.—*Hitchkok v. Luskins,* 8 Port. 334; *Clark v. Cilley,* 36 Ala. 652; *Coleman v. Hatcher,* 77 Ala. 221; *Bohannan v. Pope,* 42 Me. 93; *Leinkauf v. Forsheirmer,* 87 Ala. 258; *Thweatt v. McCullough,* 84 Ala. 518.

2d. Because the appellee did not rely on any promise to collect the money from Simpson and pay out of it E. F. White's claim, but proceeded to judgment against L. V. White and E. S. White and took judgment against Simpson, the garnishee, and continued to try in the summer of 1892 to get a settlement out of L. V. White. See note 1, Am. Dec. 626. *Fowler v. Bowery Savings Bank,* 10 Am. St. Rep. 479, and authorities cited, *supra.*

3d. Because the promise set out in the second count was within the statute of frauds; the note given by Simpson to L. V. White had been transferred to J. L. White prior to the garnishment; it was not subject to garnishment and therefore there was no lien on the money collected by J. L. White from Simpson.—*Clark v. Cilley, supra; Coleman v. Hatcher, supra; Thweatt v. McCullough, supra; Clark & Wadsworth v. Jones,* 85 Ala. 127; *Henderson v. Horton,* 72 Ala. 32; *Mayberry v. Morris,* 62 Ala. 116; *Teague v. LeGrand,* 85 Ala. 494.

4th. On the 4th Count, in addition to the above grounds. there can be no recovery, because the letter set out in the same is a promise to answer for the debt de-

fault or miscarriage of another, and it does not express *any consideration* in writing. Code of Ala. § 1732.

CALDWELL, JOHNSTON & ACKER, for the appellee.—The first count in the complaint is in the form pre-scribed by the Code, and has been held sufficient by this court. See 52 Ala. 528.

The testimony in this case shows that the defendant received the money from Simpson which *ex aequo et bono* belonged to plaintiff. If it be true as he states that he received this money from Simpson, having a transfer of only $289.00 of the $1,200.00 collected, and knowing that in Simpson's hands on a contest between him and plaintiff he could only subject to his debt the amount due him by L. V. White, he took the money from Simpson with the knowledge of the lien; but apart from this, the testimony shows that he received this money from Simpson under an agreement between him, Simpson and plaintiff's attorneys by which the money received by him from Simpson was to be appropriated first to the payment of his own debt due by L. V. White, and the balance sufficient to pay plaintiff's demands, when collected, was to be turned over to plaintiff's attorneys to pay plaintiff's claim against L. V. White, and thus be relieved of the expense and trouble of propounding and litigating his claim to the amount due by Simpson.

It would seem that the defendant occupies the position of one who has received property or funds placed in his hands and belonging to the original debtor, which he holds in a sort of trust capacity, and from which he promised to pay the original debt, and is therefore liable to the plaintiff under the count in assumpsit. See 71 Ala. 458; 10 Ala. 755; 79 Ala. 167; Brown Statute of Frauds, 214; Throop's Verbal Agreements, 519, 571–594; 60 Ala. 448.

In Brooks v. Hildreth, 22 Ala. 469, cited by appellant, is direct authority with a bare change of the relation of the parties in support of the plaintiff's action. Here we have the testimony that defendant had been instructed by L. V. White to receive and pay this money over to plaintiff. When plaintiff intervened with his garnishment, defendant then appears, reiterates his instructions and upon a proposition to be relieved of the costs and

[White v. White.]

expenses and risk of a contest as to the fund in Simpson's hands, being assented to, he agrees in positive terms to pay the money over to the plaintiff. The liability to pay the costs and the agreement to be relieved of the costs of the contest of his claim is a sufficient consideration to support defendant's promise to pay this amount, and the payment having been made to the defendant with the consent of plaintiff's counsel, the sum in his hands must be regarded as the property of plaintiff, and not of L. V. White. See 22 Ala. 473.

Again, a promise to answer for the debt of another made upon a new and valuable consideration beneficial to the promisor is not within the statute of frauds. 75 Ala. 240; *Ib.* 556; *Mason v. Hall,* 30 Ala. 599; *Lock v. Humphries,* 60 Ala. 117; *Dunbar v. Smith,* 66 Ala. 490; *Pruett v. Robinson,* 85 Ala. 594.

The statute of frauds is not an issue in this case. Judgment against the defendant is not asked by reason of any agreement to answer for the debt, default or miscarriage of another, but that the court require that the defendant make good his contract to account for and pay over the money which he received with full knowledge of the plaintiff's rights and under an agreement that he should collect it for the plaintiff and pay it over to him, and this contract is clearly shown by the testimony and the letter of April 23, 1891.

BRICKELL, C. J.—The trial was had in the court below by consent of the parties, without the intervention of a jury, and the bill of exceptions purporting to state all the evidence, on appeal, the statute devolves on this court, the duty of reviewing the findings and conclusions of facts on which the judgment is based.

As we collect from the record, the plaintiff proposed to support a recovery on the count for money had and received, on the hypothesis that his debtor, L. V. White, had deposited with the defendant the promissory notes of one Simpson for an amount exceeding his indebtedness to the plaintiff, with instructions to pay the indebtedness to the plaintiff when collection of the notes was made. That the defendant had collected the notes, and, on demand, had refused to make the payment to the plaintiff. If it be conceded that the preponderance of the evidence supports this hypothesis, the plaintiff had

the election to accept or reject the trust thereby created
for his benefit. The duty of election rested upon him,
and when, as the undisputed evidence shows the fact to
be, with full knowledge of the facts, he resorted to and
pursued to judgment his legal remedies against his orig-
inal and primary debtor, the creator of the trust, he
manifested conclusively the election to reject the trust.
*Henry v. Murphy*, 54 Ala. 246; *Coleman v. Hatcher*, 77
Ala. 217; *Fowler v. Bowery Savings Bank*, 10 Am. St. Rep.
479, and note, 487. Upon this count of the complaint there
could not of consequence be a recovery.

And if it be conceded, that the evidence supports the
making of the promise on a sufficient consideration, al-
leged in the second count of the complaint, the transac-
tion involves a corresponding promise on the part of the
plaintiff, the performance of which was the consideration
of the promise of the defendant. The benefit which it
was intended should accrue to the defendant, was the
forbearance of the plaintiff to prosecute the garnishment
against Simpson, thereby enabling the defendant to col-
lect from Simpson the debt it was the object of the gar-
nishment to subject, and saving the defendant from the
occasion and expense of propounding his claim to such
part of the debt as he claimed in priority of the garnish-
ment. The consent of the plaintiff that Simpson should
pay the debt to the defendant, was useless and unmean-
ing, unless thereby was imposed on the plaintiff, the
duty of forbearance in the continued prosecution of the
garnishment. Though this was the duty resting upon
the plaintiff, the evidence is matter of record and undis-
puted, that he continued the prosecution of the garnish-
ment to a final judgment against the garnishee, working
a total failure of the consideration of the promise of the
defendant. There can be no recovery on a contract or
promise the consideration of which the promisee has by
his own voluntary act annulled and destroyed.

Nor can there be a recovery on the writing which is
declared upon in the third count of the complaint. If
it is capable of a construction which will import a prom-
ise to pay plaintiff the debt of L. V. White, the promise
is gratuitous—there is no consideration to support it ap-
pearing on the face of the writing. The statute of frauds,
(Code, § 1732), not only requires that promises to pay
the debt of another shall be in writing, but that the

writing shall express the consideration on which the promise is founded. The failure to express a valuable consideration for the promise is as fatal to its legal validity, as would be the failure to reduce it to writing. *Bolling v. Munchus*, 65 Ala. 558; *Foster v. Napier*, 74 Ala. 393.

There is no aspect of the case as presented by the record, in which the plaintiff was entitled to recover. The judgment of the city court must be reversed, and a judgment here entered that the defendant go hence, and recover of the plaintiff the costs of suit in the city court, and the costs of appeal in this court and in the city court.

Reversed and rendered.