# Harwell, Admr. *v.* Phillips & Buttroff Manfg. Co.

*Action on Promissory Note.*

1.  *Partnership; note executed by one partner after dissolution of partnership not binding on the other.*—After the dissolution of a partnership, one of the partners has no authority to bind the others by signing the firm name to a note for the goods purchased by the partnership prior to dissolution, nor even to renew a note given by the firm without the knowledge or consent of the others; and a note so executed is not binding upon the other members of the partnership.

2.  *Same; plea of non est factum; burden of proof.*—When one of the members of a partnership is sued on a promissory note to which is signed the firm name, and the defendant files a plea of *non est factum,* the burden is thereby placed upon the plaintiff to show the existence of the partnership and the execution of the note by some member of the firm, or some one authorized thereto by such partnership; and if it appears that the note was executed after the dissolution of the partnership, the burden of proof is upon the plaintiff to show that it was executed by the defendant or was done under his authority; and upon the failure of the plaintiff to discharge the burden so put upon him by the interposition of said plea, the defendant is entitled to judgment.

3.  *Pleading and practice; not necessary to reserve exceptions to the rulings of the court upon the charges asked.*—Under the

provisions of the statute, (Code, § 613), it is not necessary for its review by the Supreme Court, to reserve an exception to the giving or refusal by the trial court of a written charge, since an exception is, by the terms of the statute, presumed to have been reserved by the party against whom the ruling is made; and such presumption is not overcome by the party against whom the ruling is made reserving an exception which, under the old rule, would have been insufficient to present for review by the appellate court the giving or refusing of each of the charges separately.

APPEAL from the Circuit Court of Henry.

Tried before the HON. J. W. FOSTER.

On November 3, 1894, appellee instituted suit against appellant upon a note executed on April 27th, 1891 and payable November 1st, 1891. The note was signed in the name of "J F. Roper & Co." and the complaint averred that appellant's intestate was a member of said firm. Defendant pleaded *non est factum.* The facts showing the other pleadings in the case are sufficiently stated in the opinion. It was admitted that appellant's intestate was a member of the firm of J. F. Roper & Co. at the time of the purchase of certain goods from appellee by said firm of Roper & Co. The evidence for plaintiff tended to show that the firm of J. F. Roper & Co. went out of business and dissolved not later than the spring or summer of 1890. The evidence further showed that plaintiff secured a note signed by J. F. Roper & Co. in August, 1890, in consideration of the purchase of said goods; that the same was payable November 1st, 1890. That on April 27th, 1891, appellee surrendered said note and took another note signed "J. F. Roper & Co." on said date, the same being payable November 1st, 1891, and said note is the one sued upon in this case. There was no evidence as to who signed the name of J. F. Roper & Co. to said note. The evidence for defendant tended to show that the firm of J. F. Roper & Co. was dissolved in 1889. The goods were purchased on November 13th, 1889, and January 8th, 1890.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following charges: (1.) "If the jury believe the evidence they will find for the defendant." (2.) "The burden of proof is

on the plaintiffs to show to the reasonable satisfaction of the jury that Fulmore 'signed' the note, or that it was done under his authority." The bill of exceptions recites: "The court refused to give said written charges, and the defendant excepted thereto."

There were verdict and judgment for the plaintiff. The defendant appeals, and asigns as error the refusal of the court to give the charges requested by him.

LEE & LEE and S. H. DENT, JR., for appellant.—One partner has no authority to bind another after dissolution of the firm by signing the partnership name to a note for goods purchased by the firm prior to dissolution, nor even to renew a note given by the firm without the knowledge or consent of the other.—*Cunningham v. Bragg & Co.,* 37 Ala. 436; *Myatts v. Bell,* 41 Ala. 222; *Rose v. Gunn,* 79 Ala. 411.

The burden was upon the plaintiff to show the existence of the partnership and the execution of the note by one or more of the partners, which was not done. Code of 1896, § 1801; *Guice v. Thornton,* 76 Ala. 466.

Whenever the court refuses a written charge an exception is presumed, so that it is unnecessary to formally or separately except. The statute requires the court to pass upon such refused charge when assigned for error. Code of 1896, § 613.

W. W. SANDERS and R. H. WALKER, *contra.*—Notwithstanding the existence of the statute making it unnecessary to reserve an exception to the giving or refusal of charges, and which raises the presumption of an exception, such presumption will not prevail where it affirmatively appears that regardless of the statute the complaining party reserved a general exception to the several written charges given or refused, some of which were good and some bad.—Code, § 613; *Milliken v. Maund,* 110 Ala. 332.

DOWDELL, J.—The appellant was sued as administrator of the estate of A. C. Fulmore, deceased, on a promissory note given by the firm of Roper & Company to the plaintiff. The complaint avers that the note sued

upon was executed by J. F. Roper & Co. on the 27th day of April, 1891, and due and payable on the 1st day of November, 1891, and it further averred that J. F. Roper & Co. was a mercantile firm composed of J. F. Roper and the defendant's intestate, A. O. Fulmore. J. F. Roper is not sued in this action. The complaint was subsequently amended by adding a count upon an account stated which, however, upon the trial of the cause was withdrawn by the plaintiff. To the count upon the note the defendant filed a special plea of *non est factum.* This placed upon the plaintiff the burden of showing the existence of the partnership and the execution of the note by some member of the firm, or some one authorized thereto by such partnership.—Code, 1896, § 1801; *Guice v. Thornton,* 76 Ala. 466. It was admitted in evidence that the defendant's intestate was a member of the firm of Roper & Co., and that the note was given for the purchase of goods sold by plaintiff to said firm during the existence of the partnership. The evidence further shows without conflict, that the firm of Roper & Co. was dissolved before the note sued upon was given.

One partner has no authority to bind another after the dissolution of the firm by signing the partnership name to a note for goods purchased by the firm prior to dissolution, nor even to renew a note given by the firm without the knowledge or consent of the other.—*Rose v. Gunn,* 79 Ala. 411; *Myatts & Moore v. Bell,* 41 Ala. 222; *Cunningham v. Bragg & Co.,* 37 Ala. 436.

Under the plea of *non est factum* the burden of proof was upon the plaintiff to show that the note was either executed by the defendant's intestate, or if by another partner of the firm of which he was a member after its dissolution, then it was so executed with the knowledge and consent of the defendant's intestate. So far as the bill of exceptions discloses—and it purports to set out all the evidence—there was a failure on the part of the plaintiff to discharge the burden put upon him by the law. Nor do we think that the evidence affords such reasonable grounds of inference as would require the court to submit the question to the jury. The court erred in refusing to give the general charge requested by the defendant.

[Stallings v. Lee.]

Under section 613 of the Code, it is not necessary for an exception to be reserved to the giving or refusal by the court of a written charge, but such exception by the very terms of the statute is presumed. Nor is such presumption overcome by the statement in the bill of exceptions that the "defendant excepted to the refusal of the court to give said charges," which under the old rule would have been insufficient as an exception to each separately.

For the error pointed out the judgment of the court is reversed and the cause remanded.