# Vaughn *v.* Bass.

### *Assumpsit.*

(Decided February 3, 1914.   64 South. 543.)

1. *Bills and Notes; Pre-existing Indebtedness; Consideration.*—A
note given in settlement of accounts against the maker and the
maker's deceased husband aggregating less than the debts, was not
unenforceable for want of consideration, if the husband's estate was
solvent, and if the maker of the notes was entitled to the whole
thereof, as it was a benefit to the maker, and a detriment to the
owner of the claims.

2. *Same; Burden of Proof.*—Where the action was on note given
in settlement of account against the maker and the maker's deceased
husband, the burden was on the maker to show that the estate was
insolvent or that she was not entitled to the whole of her husband's
estate, and that therefore, there was a total or partial want of con-
sideration.

APPEAL from St Clair Circuit Court.
Heard before Hon. J. E. BLACKWOOD.

[Vaughn v. Bass.]

Assumpsit by Annie E. Bass against Eliza C. Vaughn. Judgment for plaintiff and defendant appeals. Affirmed.

JAMES A. EMBREY, for appellant. The appellant was not liable to the plaintiff except for the $3 due her individually, and the note executed for the balance of the account which was due husband of plaintiff from husband of appellant was without consideration as to appellant.—*Vaughn v. Maul*, 45 Ala. 134; *Heatherington v. Hixon*, 46 Ala. 297.

J. P. MONTGOMERY, for appellee. In the two cases cited by appellant it was clearly shown that the estate of deceased husband was insolvent, and that there was no consideration for the note. Such is not the case here, and the burden is on defendant either to show the insolvency of the estate of her deceased husband, or that she was not entitled to all of it, and she failed to carry this burden.

WALKER, P. J.—The evidence adduced on the trial showed that the note sued on was given by the appellant (defendant below) in settlement of three accounts, two of them against her deceased husband and one against herself, the note being for less than the aggregate of the three debts. The evidence failed to support the pleas setting up a total and partial absence of consideration to support the note. There was no evidence of the insolvency of the deceased husband's estate, or that he had any children. For aught that appears his estate may have been solvent and the appellant as his widow may have been entitled to the whole of it. —Code, §§ 3754, 3763. If so, it was a benefit to her to secure the satisfaction of debts for the payment of

which that estate could have been subjected and a detriment to the owner of such claims to discharge them. It was not made to appear that property to which the appellant was entitled could not have been subjected to the payment of the entire amount of the three accounts. In these particulars the instant case is strikingly unlike those of *Maull v. Vaughn,* 45 Ala. 134, and *Hetherington v. Hixon,* 46 Ala. 297, upon which the counsel for appellant relies. The burden was upon the defendant to support her pleas setting up an absence of consideration to support the note. This she failed to do.

Affirmed.