## AKIN v. CHANCY BROS. HARDWARE & FURNITURE CO. (4 Div. 989.)

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied May 18, 1922.)

**1. Appeal and error ⬅➡695(2)—Refusal of affirmative charge will not be reviewed, in absence of evidence on which case tried.**

Refusal of an affirmative charge requested in writing by appellant will not be reviewed, where the bill of exceptions fails to disclose that it contains all, or substantially all, the evidence on which the cause was tried.

**2. Appeal and error ⬅➡502(7)—Reservation of exception to denial of new trial held insufficiently shown.**

That an exception to the refusal of a new trial appears only in the judgment entry of the motion set out in the record proper is not sufficient evidence that the exception was reserved.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by the Chancy Bros. Hardware & Furniture Company against Cleve Akin and W. M. Akin on account. From a judgment for plaintiff, W. M. Akin appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Suit by the Chancy Bros. Hardware & Furniture Company, a partnership, against Cleve Akin and W. M. Akin, on verified account. Pleas of general issue were interposed, and special plea of W. M. Akin of the statute of frauds, to the effect that any promise made by said defendant was a parol one to answer for the debt of another, and there was no note or memorandum thereof in writing. The cause was submitted to the jury upon these issues, and verdict rendered in favor of the plaintiffs. W. M. Akin re-

quested the affirmative charge in writing, which was refused. Defendant W. M. Akin moved for a new trial upon the ground the court erred in refusing the affirmative charge, and the verdict was contrary to the law and evidence. This motion appears in the record proper. In the record proper also appears the judgment of the court overruling the motion, and in said judgment it is recited that the defendant W. M. Akin excepts.

The testimony of witnesses is set out in the bill of exceptions, but it nowhere is stated that that was all, or substantially all, the evidence in the cause; no reference thereto being made. Defendant W. M. Akin prosecutes this appeal.

E. C. Boswell, of Geneva, for appellant.

A promise to pay the debt of another, unless in writing and on a legal consideration, is void. 4 Ala. 330; 23 Ala. 591; 78 Ala. 222; 1 Stew. 51, 18 Am. Dec. 36; 107 Ala. 366, 18 South. 211; 124 Ala. 388, 28 South. 458; 37 Ala. 577; 116 Ala. 238, 22 South. 576; 127 Ala. 240, 28 South. 665. Appellant was due the affirmative charge. 162 Ala. 444, 50 South. 402.

Mulkey & Mulkey, of Geneva, for appellee.

The evidence as to the validity of the obligation of W. M. Akin was in conflict, and was properly submitted to the jury. 17 Ala. App. 589, 87 South. 885; 17 Ala. App. 273, 84 South. 560.

GARDNER, J. [1] The first question presented by this appeal for consideration is the refusal of the court to give the affirmative charge requested in writing by appellant. The bill of exceptions fails to disclose that it contains all, or substantially all, the evidence upon which the cause was tried. Under these circumstances, therefore, following the uniform decisions of this court, the action of the trial court in refusing this affirmative charge will not be reviewed. 7 Mayf. Dig. 134.

[2] The only question which appears to be argued concerning the action of the court in overruling the motion for a new trial is the refusal of the affirmative charge, which has been considered. Moreover, the bill of exceptions makes no reference whatever to the motion for new trial, nor that any exception was reserved to the action of the court in overruling the same. The exception only appears in the judgment entry of the motion, which is set out in the record proper. This is not sufficient evidence, under the decisions of this court, that an exception was reserved to the ruling of the court on the motion. This question, likewise, we are not in position to review. This was expressly decided in Grand Bay Land Co. v. Simpson, 202 Ala.

606, 81 South. 548, and Powell v. Folmar, 201 Ala. 271, 78 South. 47.

These are the only questions presented for consideration, and it therefore results that the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.