(96 South. 907)

WEBB v. BRYANT. (8 Div. 468.)

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied June 14, 1923.)

1. **Bills and notes ☞492—Where defendant interposes plea of non est factum, burden is on plaintiff to prove execution.**

In an action on a note where defendant has interposed a plea of non est factum, the burden is upon the plaintiff by virtue of such plea to prove the execution of the note.

2. **Evidence ☞197—Signature to plea of non est factum in action on note held properly submitted to jury for comparison with signature on note.**

Where the genuineness of defendant's signature to a plea of non est factum on file in a cause was without dispute, held, that the court did not err in permitting the jury to compare this signature with the disputed signature on the note being sued on.

3. **Bills and notes ☞502—In action on note, check relating to transactions between the parties held properly admitted.**

In an action on a note where plaintiff alleged that the note was one-half the balance due from defendant arising out of various transactions, but defendant alleged that it was a forgery and that the amount thereof was

the whole of the balance on previous transactions, which balance had been evidenced by a prior note, which had been paid, *held*, that it was not error to permit the introduction in evidence of a check on which was indorsed the words "for rent for 1918 and 1919," as bearing upon the amount of the balance.

**4. New trial ☞102(1)—On ground of newly discovered evidence not warranted unless diligence shown.**

Diligence by the moving party must be shown in order to warrant a new trial on the ground of newly discovered evidence.

**5. Appeal and error ☞270(2)—Exception to court's action denying new trial must be reserved to warrant review.**

To warrant review of the court's action in overruling a motion for a new trial on the ground of newly discovered evidence, an exception to the ruling of the court must have been reserved.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by Joe Bryant against L. T. Webb and E. D. Machen. From a judgment for plaintiff, defendant Webb appeals. Affirmed.

Milo Moody, of Scottsboro, and James J. Mayfield, of Montgomery, for appellant.

Under the plea of non est factum the burden was on plaintiff to prove full execution and delivery of the note. McCoy v. Harrell, 40 Ala. 232; 8 C. J. 949; Little v. Beazley, 2 Ala. 703, 36 Am. Dec. 431; Bestor v. Robertson, 58 Ala. 331. For rule as to comparison of handwriting, see Gibson v. Trowbridge & Co., 96 Ala. 357, 11 South. 365. The check made by Webb to Bryant was foreign to the suit and should not have been admitted. 10 R. C. L. 92; 22 C. J. 158.

Proctor & Snodgrass, of Scottsboro, and Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

No exception appearing to the action of the court overruling the motion for new trial, it will not be considered. Aken v. Chancy Bros., 207 Ala. 523, 93 South. 408; Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 South. 548; Powell v. Folmar, 201 Ala. 271, 78 South. 47.

GARDNER, J. This is a suit upon a promissory note, and the appeal is from the judgment for the plaintiff. The defendants interposed a plea of non est factum and also a plea of payment.

The defendant Webb purchased of plaintiff a tract of land on February 15, 1921, for the sum of $10,000; the deed being executed to the other defendant, E. D. Machen. There was a mortgage on the land, the payment of which the purchasers assumed. Plaintiff and defendants met in the back room of the Jacobs Banking Company in Scottsboro for the purpose of making settlement. There had been several transactions between plaintiff and defendant Webb, and plaintiff insists that after disposing of these various matters defendants would be due him $5,090.91; and that it was finally agreed that this amount should be paid in equal installments, falling due November 15 and February 15, respectively. He further insists that he wrote the notes, and upon ascertaining that each had been made payable February 15, he, at the suggestion of the defendants, changed one of the notes so as to make the same payable November 15, and also struck out 91 cents on one of the notes, and added in the notes "balance on land"; and that this was done with the knowledge and consent of defendants, and before they signed the same.

The defendants insist that upon settlement of the various transactions between defendant Webb and plaintiff there was a balance of only $2,540; that they executed one note, and that the other note was a forgery; that they had paid one of the notes, and therefore owed nothing. They further insist that any alteration made in the note was without their knowledge and consent and after their signature.

Only a few questions are argued in brief of counsel for appellant, and they will be treated in the order of their presentation in brief.

[1] There was ample evidence as to the execution and delivery of the note in question, and the burden resting upon plaintiff by virtue of the non est factum plea to prove the execution of the note was, we think, fully met. Sulzby v. Palmer, 196 Ala. 645, 70 South. 1.

[2] The genuineness of the signature of the defendants to the plea of non est factum on file in the cause was established without dispute and was not questioned. The court committed no error in permitting the jury to compare these signatures with the disputed signature as to the note. Bishop v. State, 30 Ala. 34; Williams v. State, 61 Ala. 33; Sulzby v. Palmer, supra. See, also, in this connection, Gen. Acts 1915, p. 134.

One Mathews, witness for the plaintiff, only testified as to the signature of the defendant Webb and not concerning the signature of the other defendant. His familiarity with and knowledge of the signature of Webb was sufficiently shown to establish his qualification to testify upon this question. The third assignment of error is therefore without merit.

[3] As previously shown, there was sharp dispute in the evidence concerning the amount of balance due upon a settlement between the parties as to the land transaction. Upon redirect examination plaintiff offered in evidence, over defendants' objection, a check signed by defendant Webb payable to himself in the sum of $1,056, bearing date November 22, 1917. Upon the face of the

check appeared the words "for rent for 1918 and 1919," and plaintiff insisted that the figures 1919 had been inserted, and denied that the rent for 1919 was included in this amount. As disclosed by the evidence previous to the introduction of this check, the question as to the amount due constituted a sharp controversy between the parties, and this check was properly admitted in evidence upon that issue and as a circumstance to be considered by the jury in connection with all the testimony in the case.

The remaining question argued by counsel for appellant relates to the action of the court in overruling the motion for new trial based upon the ground the verdict was contrary to the evidence, and also upon the ground of newly discovered testimony.

The rule concerning the first ground was very clearly stated in the oft-cited opinion of Cobb v. Malone, 92 Ala. 630, 9 South. 738, and needs no repetition here. The testimony was in irreconcilable conflict, and some of the original papers have been forwarded for our inspection, which have been duly considered; but we are not prepared to say, after an examination of the entire record, that the action of the court in overruling the motion upon this ground should be here disturbed.

[4] As to the second ground (that of newly discovered evidence), it need only be said that the defendants have fallen far short of showing an exercise of that due diligence required in cases of this character. Fries v. Acme White Lead, etc., Works, 201 Ala. 614, 79 South. 45.

[5] Moreover, as to the motion for new trial, counsel for appellee make the point, which is sustained both by the record and the authorities, that the bill of exceptions fails to show that any exception was reserved to the ruling of the court in denying the motion for new trial. Akin v. Chancy Bros. Hdw. Co., 207 Ala. 523, 93 South. 408.

We have here considered the questions argued by counsel for appellant, and finding no reversible error the judgment of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.