**FORD v. HODGES BOILER & MACHINE WORKS.   (6 Div. 106.)**

(Supreme Court of Alabama.   April 24, 1924.)

I. Bills and notes ⬉492—Plea non est factum places burden of proving execution on plaintiff.

The plea non est factum, to a count on a note, placed the burden of proving execution on plaintiff.

2. Bills and notes ⬉502—Admission of note, without proof of execution, where non est factum is pleaded, is error.

In action on a note, the plea being non est factum, admission of the note without proof of execution, plaintiff's only witness being defendant, who denied execution and authority of one signing, was error.

3. Pleading ⬉253—Non est factum plea need not be reinterposed because of additional counts.

Plea of non est factum, to a count on a note, need not be reinterposed merely because additional counts are added to the complaint.

4. Bills and notes ⬉517—Defendant's undisputed testimony held to negative contractual relation with plaintiff.

In action of a note, defendant's undisputed testimony on his plea of non est factum *held* to negative contractual relation between plaintiff and defendant.

5. Frauds, statute of ⬉108(3)—Letters to attorney expressing willingness to pay principal's debt but not disclosing consideration not sufficient under statute.

In an action on a note, defendant's letters, to plaintiff's attorney, indicating willingness and moral obligation to pay his principal's debt, but not disclosing any consideration moving to defendant, were insufficient under Code 1907, § 4289, and subd. 3, to support a recovery.

6. Frauds, statute of ⬉108(3)—Writing showing special promise to answer for debt, default, etc., of another must express consideration.

Under St. of Frauds (Code 1907, § 4289, subd. 3), each special promise to answer for

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

debt, default, or miscarriage of another must not only be in writing, but the writing must express consideration on which the promise is founded.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action on promissory note by the Hodges Boiler & Machine Works against C. W. Ford, doing business as Ford Bros. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

The fourth count of the complaint is as follows:

"4. Plaintiff claims of the defendant the sum of $175 due by an express promise in writing whereby the said defendant promised to pay a debt of $175 indorsed by a note due by Ford Bros. to the plaintiff, and plaintiff further avers that it relied on said promise and did not thereafter look to the said Ford Bros. for payment, but to the contrary looked to the said defendant, and that said defendant promised several times to pay same."

Arthur L. Brown, of Birmingham, for appellant.

It was error for the court to admit the note in evidence. Code 1907, § 3966; Cain Lbr. Co. v. Standard Dry Kiln Co., 108 Ala. 346, 18 South. 882; Harwell v. Phillips, etc., Co., 123 Ala. 460, 26 South. 501. Letters written by defendant to plaintiff's attorney should not have been admitted. Code 1907, § 4289 (3); White v. White, 107 Ala. 417, 18 South. 3; Foster v. Napier, 74 Ala. 323.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

The findings of the trial court upon conflicting evidence will not be disturbed on appeal. Finney v. Studebaker Corp., 196 Ala. 422, 72 South. 54; Murphree v. Hanson, 197 Ala. 246, 72 South. 437; Smith v. Thomas, 201 Ala. 442, 78 South. 820; 13 Michie's Ala. Dig. 157; Reed v. Banister, 202 Ala. 328, 80 South. 410; Rodgers v. Ricketts, 204 Ala. 184, 85 South. 486; Waldrop v. Auto Sales Co., 17 Ala. App. 4, 81 South. 180.

GARDNER, J. The original complaint consisted of a single count, seeking recovery upon a promissory note executed by defendant on March 7, 1919, and payable to the plaintiff. To this count the defendant interposed the plea, duly sworn to, of non est factum. Subsequently plaintiff amended the complaint by the addition of three other counts, to which the defendant interposed the pleas of general issue and want of consideration as well, also the statute of frauds as to count 4. The cause was tried before the court without a jury, and from a judgment in favor of the plaintiff the defendant has prosecuted this appeal.

[1] As to the first count of the complaint, the plea of non est factum placed the burden upon the plaintiff as to proof of the execution of the note. Harwell, Adm'r v. Phillips, etc., Mfg. Co., 123 Ala. 460, 26 South. 501.

[2] The trial court admitted the note in evidence without proof as to its execution. Indeed, the defendant himself was the only witness offered by the plaintiff upon the trial of the cause, and he testified positively he "never did business under the name of Ford Bros., and had never heard of any such firm or corporation"—that so far as he knew I. T. Roberts, by whom the name of Ford Bros. Company appears to have been signed, was never connected with any such firm, and was wholly unauthorized to sign any contract or make any instrument which would be binding upon this defendant. The only evidence in the cause therefore negatives the execution of the note by the defendant, and the court committed error in admitting the note in evidence over the defendant's timely objection.

[3] Counsel for appellee insist, however, that the plea of non est factum was not reinterposed to the complaint as amended. The amendment, as previously shown, was only by the addition of other counts, and in no manner affects the first count of the complaint, which sought recovery upon this note. This special plea was on file to that particular count, and the addition of other counts presented no occasion for the refiling of such plea.

[4] The testimony of the defendant was further to the effect that said I. T. Roberts, then of Mobile, Ala., proposed to sell to the Tuscaloosa Coal Company a boiler, and ship the same to said company, inclosing bill of sale therefor; that at such time the defendant was agent for the Tuscaloosa Coal Company, and that as such agent paid said Roberts for the boiler; that in such transaction he was acting solely as agent for the Tuscaloosa Coal Company, and not individually, having no personal interest or concern with the boiler; that soon after this transaction, the Tuscaloosa Coal Company, which was a corporation, was adjudged a bankrupt; that during the time of these transactions he was merely its agent, but was attempting to hold the corporation together; that the boiler formed the consideration of the note mentioned, but that he had no individual interest therein whatever, and, if there was any debt at all, it was the debt of the Tuscaloosa Coal Company; nor did he at any time, individually, or doing business as Ford Bros. Company, assume any obligation to pay any amount for said boiler.

It therefore appears from this undisputed proof that there was no contractual relation between this defendant and the plaintiff, and no obligation resting upon the defendant for the payment of this indebtedness.

[5] The letters offered in evidence by the

plaintiff, written by the defendant to the plaintiff's attorney several months after the due date of the note, are not alone sufficient to fasten individual liability upon the defendant. They indicate an effort and willingness on the part of the defendant to pay the indebtedness, and a moral obligation on his part for the payment of the same; but they do not disclose any consideration moving to the defendant and such a promise.

The testimony of the defendant was positive to the effect that this was not his indebtedness, but his evidence further tends to show that he was attempting to hold the corporation together and to pay its debts.

[6]. These letters do not suffice to support a recovery under count 4 of the complaint, as under the statute of frauds (section 4289 of the Code of 1907 and subd. 3) each special promise to answer for the debt, default, or miscarriage of another must not only be in writing, but the writing must express the consideration on which the promise is founded. White v. White, 107 Ala. 417, 18 South. 3; Rains v. Patton, 191 Ala. 349, 67 South. 600; Pake v. Wilson, 127 Ala. 240, 28 South. 665.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.