(113 So. 229)

· **NORRELL v. CHILTON COUNTY.**
(5 Div. 947.)

Supreme Court of Alabama. May 26, 1927.

Appeal and error ⟨═⟩502(7)—Exception in record, proper to denial of new trial, does not warrant review, without bill of exception showing exception duly reserved.

In the absence of a bill of exception showing an exception was duly reserved to ruling on motion for new trial, action of trial court cannot be reviewed, and mere incorporation of exception in record proper is not sufficient.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Application by Chilton County for condemnation of lands of Mamie C. Norrell. From the judgment, defendant appeals. Affirmed.

The proceeding was instituted in the probate court by application of the county seeking to condemn an easement in lands of defendant for a right of way on which to construct a highway. After hearing, that court (February 17, 1925) granted the application and appointed a commission to assess the damages and compensation of the defendant. On February 21, the court rendered final judgment confirming a report of the commissioners and condemning the lands as prayed. Thereafter defendant appealed to the circuit court from the "judgment of condemnation made and entered in this cause on the 17th day of February, 1925," and also "from the award of the court of commissioners rendered in said cause by the court of commissioners on, to wit, February 18, 1925."

The applicant moved the circuit court to dismiss the appeal, on the ground that it was not taken from the final judgment of condemnation. The circuit court granted the motion to dismiss the appeal. Thereafter defendant moved to amend her appeal, which was denied, and filed a motion to set aside the judgment of dismissal and reinstate the appeal. The circuit court entered a judgment overruling said motion, and, from that judgment, this appeal is prosecuted.

J. B. Atkinson, of Clanton, for appellant.

An appeal must not be dismissed for any error, mistake, or irregularity in the taking thereof, but, on motion, all such amendments as are necessary to perfect it must be allowed. Code 1923; § 6144; Wilder v. Bush, 201 Ala. 21, 75 So. 143; Street v. Street, 113 Ala. 333, 21 So. 138.

Grady Reynolds and Omar L. Reynolds, both of Clanton, for appellee.

An exception must be reserved to the action of the trial court in granting or refusing a motion for a new trial, and this must be shown by the bill of exceptions. Farmers' Bank v. Gibson, 21 Ala. App. 389, 108 So. 629; Newell Cont. Co. v. Glenn, 214 Ala. 282, 107 So. 803; Akin v. Chancy Bros., 207 Ala. 523, 93 So. 409; Powell v. Folmar, 201 Ala. 271, 78 So. 47; Grand Bay L. Co. v. Simpson, 202 Ala. 606, 81 So. 548; Birmingham W. W. Co. v. Justice, 204 Ala. 547, 86 So. 389.

SOMERVILLE, J. The appeal in this case is on the record alone, without a bill of exceptions. It is stated in brief of counsel for appellant that the errors assigned and here insisted upon are "that the court erred in overruling appellant's motion for a new trial."

Under decisions many times repeated, we cannot review this action of the trial court in the absence of a bill of exceptions showing that an exception was duly reserved to the ruling. The mere incorporation of an excep-

tion in the record proper is not sufficient. Akin v. Chancy Bros., etc., Co., 207 Ala. 523, 93 So. 408; Newell Contr. Co. v. Glenn, 214 Ala. 282, 107 So. 801.

As the record stands, we can only affirm the judgment.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.