(116 So. 305)
### LITTLE BEAR SAWMILLS et al. v. MORROW &, FREDERICK. (8 Div. 582.)

Court of Appeals of Alabama. March 27, 1928.

Williams & Chenault, of Russellville, for appellants.

J. Foy Guin, of Russellville, for appellees.

SAMFORD, J. █ This is an appeal from the law and equity court of Franklin county, a court established by the Legislature of Alabama by act approved September 28, 1923 (Local Acts 1923, p. 272 et seq.). So far as applicable to this case, section 30 of said act reads as follows:

"When any litigant desires to appeal a case tried in this court, he or his attorney shall give written notice to the judge of this court, to the opposite party in said suit or his attorney and to the court reporter who reported the trial of said cause, that he desires to and is appealing said cause. Thereupon said court reporter shall immediately transcribe in full all of the proceedings in said cause which he reported and file the same with his official certificate appended thereto with the clerk of this court, and such reporter shall give written notice to the parties to said cause or their attorneys of record and to the trial judge that the transcript of said evidence and proceedings has been by him filed with the clerk of this court, when so filed with the clerk of said court same shall constitute the legal bill of exceptions in said cause."

Section 19 of said act provides for a bill of exceptions under the general rules for bills of exceptions from other inferior courts. When, therefore, a party desires to avail himself of the right created under section 30, supra, the full proceedings of the trial as transcribed by the court reporter, when filed in accordance with the requirements of said section become *the bill of exceptions*.

█ That means, of course, that questions ordinarily presented for review by bills of exceptions prepared in accordance with Supreme Court rule and the general law on the subject are and must continue to be presented in the proceedings of the trial, and that exceptions must be reserved on the trial for review in the appellate courts. The very latest decision on this point, so far as we can find, and appellant has cited none to the contrary, is that of Norrell v. Chilton County, 216 Ala. 263, 113 So. 229, in which the Supreme Court said:

"Under decisions many times repeated, we cannot review this action of the trial court [ruling on motion for new trial], in the absence of a bill of exceptions showing that an exception was duly reserved to the ruling." Yates v. Barnett, 215 Ala. 554, 112 So. 122; and authorities there cited. Ala. F. & I. Co. v. Courson, 20 Ala. App. 312, 101 So. 638.

█ In the instant case no such exception is shown by the bill of exceptions, and, as the sole assignment of error challenges the ruling of the court in overruling the motion, the judgment must be affirmed.

Affirmed.