141 So. 681

### DRENNEN MOTOR CO. v. PATRICK.

**3 Div. 7.**

Supreme Court of Alabama.
March 17, 1932.

Rehearing Denied May 26, 1932.

John B. Scott and T. E. Martin, both of Montgomery, and Mullins, Pointer & Deramus, of Birmingham, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

KNIGHT, J.

This cause is submitted on motion and merits, that is to say, on the appeal taken from the judgment of the court granting appellee's motion to set aside the verdict of the jury, and the judgment thereon, and, if such judgment in the opinion of this court does not support an appeal, then for writ of mandamus, directed to Hon. Leon McCord, the trial judge, requiring him to vacate and annul the order granting appellee a new trial.

While the judgment (original), dated October 27, 1930, recites the presence of the parties, and issue joined, resulting in a verdict and judgment for plaintiff, the defendant in the court below, appellee here, appeared in the circuit court on the 26th day of November, 1930, with his motion praying that the court set aside the verdict and judgment, averring, inter alia, that he was not present at the trial, and that he had an agreement with one of the attorneys for plaintiff that the case would be tried during the month of November, 1930.

A demurrer was interposed to this motion, and, after due consideration, the same was overruled. On the hearing of the motion the appellee and appellant offered testimony for and against the same. The court granted the motion, set aside the verdict, and restored the cause to the docket for trial. From this judgment setting aside the verdict and re-storing the cause to the docket for trial, the present appeal is prosecuted.

In the record there is a bill of exceptions which sets out the evidence offered for and against the motion, but none of the evidence introduced on the original trial. The record proper, not the bill of exceptions, sets out the demurrer filed by appellant to the motion, and the judgment or order of the court overruling the demurrer; and the record proper, not the bill of exceptions, sets out the judgment of the court granting the new trial. But the bill of exceptions nowhere sets out, nor discloses, what was the decision of the court on the motion. Nor does the bill of exceptions disclose that the plaintiff, appellant, excepted to the ruling of the court in granting the new trial.

Section 6088 of the Code, dealing with the subject now under consideration, provides: "Whenever a motion for a new trial shall be granted or refused by the circuit court or probate court, in any civil or criminal case at law, either party in a civil case, or the defendant in a criminal case may except to the decision of the court and shall reduce to writing the substance of the evidence in the case, and also the decision of the court on the motion and the evidence taken in support of the motion and the decision of the court shall be included in the bill of exceptions which shall be a part of the record in the cause, and the appellant may assign for error that the court below improperly granted or refused to grant a new trial."

In the absence of any statement of, or reference to, the judgment rendered in the bill of exceptions, this court, on exception, could not reverse the judgment of the lower court without doing manifest violence to section 6088, which is the sole authorization of an appeal from judgments granting or refusing a new trial. And in the absence of a duly reserved exception to the judgment, this court cannot review the judgment of the lower court on this appeal. Powell v. Folmar, 201 Ala. 271, 78 So. 47; Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 So. 548; Evans v. So. Rwy. Co., 133 Ala. 482, 32 So. 138; Dorough v. Harrington & Sons, 148 Ala. 312, 42 So. 557; Webb v. Bryant, 209 Ala. 659, 96 So. 907; Akin v. Chancy Bros. Hdw. Co., 207 Ala. 523, 93 So. 408. The parties and the court below have treated the motion which was granted as a motion for a new trial, and for this reason we have so treated it as above.

If, however, we should regard and treat the judgment, under the averments of the petition and the proof submitted in support thereof, as a judgment nil dicit, or by default, which we do not, we would not be authorized to grant appellant's petition for a mandamus, because to grant a mandamus in such cases it must be made to appear to this court that the judge of the circuit court

had abused his discretion in setting aside the judgment and reinstating the case on the docket for trial. Until thirty days have elapsed all judgments by default or nil dicit are within the control of the court, as often said, are within the breast of the court, and, over such judgment during such period, the court has a discretionary power, irrevisable by mandamus, or otherwise, except for abuse of its discretion. Goodwin v. Harrison, 6 Ala. 438; Allen v. Lathrop-Hatton Lbr. Co., 90 Ala. 490, 8 So. 129; Ex parte Parker, 172 Ala. 136, 54 So. 572; 34 Corpus Juris p. 207.

█ We cannot affirm, upon the record before us, that the judge of the lower court abused the discretion confided in him by law as such judge, in setting aside the judgment and reinstating the cause upon the docket. Nor does it appear, as above stated, that any exception was reserved by the plaintiff.

█ We may add, before concluding this opinion, that the demurrer was without merit, if we concede that it was the proper way to test the sufficiency of a motion for a new trial, which we do not decide. If the motion, in its statement of grounds, does not present a case entitling the movant to a new trial, it should be overruled.

It follows that the judgment of the circuit court will be affirmed, and petition for mandamus will also be denied.

Affirmed. Petition for mandamus denied.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.