12 So.2d 186

PORTER v. PORTER.

2 Div. 182.

Supreme Court of Alabama.
Dec. 22, 1942.

Rehearing Denied March 11, 1943.

Clifton C. Johnston, of Marion, for appellant.

Arthur W. Stewart, of Marion, for appellee.

134

LAWSON, Justice.

The appellee, Bernard Porter, brought suit in the court below on a promissory note alleged to have been executed by the appellant, S. E. Porter, on December 15, 1934, payable one year thereafter, to the appellee in the sum of $1,733.33 with interest at the rate of 5% per annum from date.

There were pleas of the general issue, non est factum, want of consideration, and usury. The trial was had before the court without the intervention of a jury and resulted in a judgment for the plaintiff, appellee, for $2,271.62, from which judgment the defendant prosecutes this appeal.

The plea of non est factum, which was duly sworn to, placed the burden upon the plaintiff as to proof of the execution of the note. Ford v. Hodges Boiler & Machine Works, 211 Ala. 153, 99 So. 908; Section 375, Title 7, Code of 1940. We have carefully considered the evidence as it relates to the execution of the note and are of the opinion that the trial court correctly found that the plaintiff fully met the burden placed upon him by the plea of non est factum to prove the execution of the note by the defendant. The evidence was taken ore tenus before the court and, therefore, findings of facts by the court have the force and effect of a verdict of a jury and will not be disturbed upon appeal unless clearly wrong. Hampton v. Stewart, 240 Ala. 2, 194 So. 509.

We are also of the opinion that there is no merit in the contention of the appellant that the evidence in this case shows that the note sued on was without consideration. It is definitely established in this state that the burden of showing want of consideration for the execution of a note is upon the maker. Lawrence v. Tennessee Valley Bank, 224 Ala. 692, 141 So. 664; Vaughn v. Bass, 10 Ala.App. 388, 64 So. 543; Section 374, Title 7, Code of 1940. The presence of a plea of non est factum does not affect this rule. In the case of Jones v. Rives, 3 Ala. 11, the defendant interposed pleas of non est factum and want of consideration. The trial court excluded from the jury the note sued on. This court held: "It is very probable that the Circuit Court excluded the note from the jury, under the impression that the plaintiff was required, under the issues submitted, to show the precise nature of the consideration for which the note was given. We apprehend it to be perfectly clear, that a defendant cannot, by any mode of pleading, compel the plaintiff to such a course. Certainly a promissory note imports a consideration as much as a sealed instrument; and where its consideration is denied, it rests with the defendant to show affirmatively that it has none."

Although the burden was upon the appellant to prove his plea of want of consideration, no evidence was offered by him to support such plea. Appellant was the only witness who testified for the defense, and his testimony related solely to a denial of the execution of the note.

Appellant contends, however, that the testimony of the appellee shows conclusively that the note sued on was without consideration in that it appears therefrom that it was given to appellee upon the sole consideration of appellant's indebtedness to his deceased brother, the father of appellee, and that it does not appear that the right to such indebtedness had become legally vested in appellee.

We have heretofore held that a person's indebtedness to a decedent will not support the former's undertaking on a bill or note where it is made in favor of a person who does not have the right to control and collect such indebtedness. Brown v. Copeland, 206 Ala. 124, 89 So. 274.

The testimony of the appellee, other than that relating to the execution of the note and to the fact that it was due and unpaid, may be summarized as follows: That the appellant, a resident of Perry County,

Alabama, executed a promissory note on October 15, 1925, to George L. Porter in the sum of $1,000, bearing interest at the rate of 8% per annum. (The due date of such note is not shown by the bill of exceptions.) That George L. Porter was the brother of the appellant, S. E. Porter, and the father of the appellee, Bernard Porter. That George L. Porter died intestate at his home in the State of Ohio on the 6th day of August, 1934, leaving surviving him his widow, five sons, including the appellee, and one daughter. That in September, 1934, the widow and children of George L. Porter, his heirs at law, entered into an agreement whereby the estate of George L. Porter was divided among them. That under the terms of this property agreement the claim which George L. Porter had against the appellant became vested in the appellee, two of his brothers and his sister. That he was appointed administrator of his father's estate in the State of Ohio. That he came to Alabama in 1934, after his father's death, to see about the collection of the debt evidenced by the note given by the appellant to his father. That at that time the appellant told him that inasmuch as appellee was administering his father's estate, appellant would execute a note to him in his individual capacity in an amount sufficient to cover the principal and accrued interest. That he advised appellant that he could not agree to such proposal until he conferred with his brothers and sister and their attorney, but told appellant that if such an arrangement was agreed upon that the interest on the new note could be reduced from 8% to 6%. That he returned to Ohio and discussed such proposal with his brothers and sister and that their attorney sent the note, the subject of this suit, to the appellant for his signature. That he received the note bearing appellant's signature in a letter written to him by appellant under date of December 16, 1934. That the amount of the note here sued on was given in payment of the note which the appellant owed his father and that the amount thereof includes the principal of the old note, together with interest due thereon. That the note which the appellant owed his father was taken by him as his part of his father's estate. That those of his brothers and his sister who received an interest in the original note by virtue of the September, 1934, property division, assigned, transferred and set over to him all their right, title and interest

therein. (The date of this assignment does not appear.)

The testimony of the appellee, we think, shows that he had an interest in the original indebtedness of the appellant to George L. Porter. It shows an administration of the estate of George L. Porter in the State of Ohio; a division of the property between the heirs at law of the said George L. Porter; that the appellee accepted such indebtedness or claim as his part of the estate. It further shows an assignment of the interest of the other heirs in such claim to appellee.

We think the evidence shows that appellee had such an interest in the original note as would constitute a consideration for the note sued on as a substitute for it, unless there be some law of Ohio which would have a different effect. If such there be, the burden was on defendant to prove it, since he had the burden to prove an absence of consideration.

In the case of Vaughn v. Bass, supra, it was said: "The evidence adduced on the trial showed that the note sued on was given by the appellant (defendant below) in settlement of three accounts, two of them against her deceased husband and one against herself, the note being for less than the aggregate of the three debts. The evidence failed to support the pleas setting up a total and partial absence of consideration to support the note. There was no evidence of the insolvency of the deceased husband's estate, or that he had had any children. For aught that appears his estate may have been solvent and the appellant as his widow may have been entitled to the whole of it. Code, §§ 3754, 3763 [1907]. If so, it was a benefit to her to secure the satisfaction of debts for the payment of which that estate could have been subjected and a detriment to the owner of such claims to discharge them. It was not made to appear that property to which the appellant was entitled could not have been subjected to the payment of the entire amount of the three accounts. In these particulars the instant case is strikingly unlike those of Maull v. Vaughn, 45 Ala. 134, and Hetherington v. Hixon, 46 Ala. 297, upon which the counsel for appellant relies. The burden was upon the defendant to support her pleas setting up an absence of consideration to support the note. This she failed to do."

The facts in this case resemble in many respects the facts in the case of Nelson

v. Lovejoy, 14 Ala. 568, in which the consideration of a note was upheld, where it was made to a person who agreed to become and afterwards did become the administrator of the deceased creditor. We think the conclusion here reached is also supported by the recent case of Guttery et al. v. Kilgore, 233 Ala. 514, 172 So. 627.

It follows that we are of the opinion that the defendant failed to prove his plea that the note sued on was without consideration.

■ Appellant contends that the court erred to a reversal in allowing parol evidence of the appointment of the appellee in the State of Ohio as administrator of his father's estate. The fact of such appointment was brought out by counsel for defendant on cross-examination of the plaintiff and no ruling of the court was then invoked. On redirect, counsel for plaintiff asked the following question: "Mr. Porter, you said you were appointed administrator of the estate of your father?" Defendant's objection was overruled and exception was taken, but there was no answer to the question. The foregoing is all the bill of exceptions discloses with regard to the appointment of the plaintiff as administrator. No reversible error appears.

It is insisted by appellant that the court erred in finding that the appellee was entitled to recover the sum of $2,271.62, in that if the appellee was entitled to recover at all, his recovery should have been limited to the amount of the note executed by appellant to George L. Porter, it being appellant's contention that the principal of the note sued on contained usurious interest.

There is nothing on the face of the note to indicate in any way that the principal of the note includes usurious interest. The plaintiff testified: "The amount of the note figured here was $1,733.33. That takes the principal of the old note and interest to that time." It appears elsewhere in the bill of exceptions that the interest rate on the original note from the appellant to George L. Porter bore interest at the rate of 8% per annum.

■ The plaintiff gave positive testimony as to the amount of the interest due on the original note. The burden was on the defendant to support his plea of usury, inasmuch as the note sued on was not usurious on its face. 66 Corpus Juris 303. This he failed to do.

We find no error in the record and the judgment must be affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.