207 So.2d 129

## The AMERICAN NATIONAL BANK & TRUST COMPANY OF MOBILE

v.

## J. Z. LONG.

I Div. 414.

Supreme Court of Alabama.

Feb. 8, 1968.

Hamilton, Denniston, Butler & Riddick and Oliver J. Latour, Jr., Mobile, for appellant.

Pierre Pelham, Mobile, for appellee.

MERRILL, Justice.

Appellant sued appellee on a note. Appellee filed several pleas, one of which was non est factum. When appellant rested, appellee also rested and requested the affirmative charge. The court gave the general affirmative charge without hypothesis on the ground that the appellant had not proved the execution of the note, and the verdict and judgment were in accord with the charge.

The appellant proved that the Mobile Jeep Corporation had negotiated to it, for a valuable consideration, a note purportedly executed by appellee to Mobile Jeep Corporation with a balance due on it of $2,735.75. Appellant also introduced excerpts from a deposition of appellee taken after suit was filed and some three months before trial. This evidence revealed that appellee was shown a conditional sales contract and a note, each purportedly bearing his signature. Appellee testified that he signed his name only once to some instrument, but he did not know which one. As to the signature on the note, he stated: "This one here looks more like my signature than that one." "Well, it resembles it." "No, I wouldn't swear I didn't sign it." "Yes, it looks like my signature. Both of them look like my signature, but I can't swear which one of them I signed." "No. I wouldn't swear I didn't sign either of them."

Appellant sought to introduce the note in evidence; the appellee objected on the ground that appellant had not met the burden of proof. The court sustained the objection; appellant excepted and rested, and appellee rested and requested the general charge which the trial court promptly gave.

Appellant contends that it comes within the provisions of Tit. 7, § 375, Code 1940:

"Every written instrument, the foundation of the suit, purporting to be signed by the defendant, his partner, agent, or attorney in fact, must be received in evidence without proof of the execution, unless the execution thereof is denied by plea verified by affidavit; and every

assignment of such instrument, on which suit is brought in the name of the assignee, must be deemed genuine, unless impeached in like manner, when, in either case, the burden of proof is cast on the plaintiff."

We have held that the intention of Tit. 7, § 375, Code 1940, was to relieve the plaintiff from the burden imposed by the common law, of proving the execution of the instrument sued on, unless the defendant denied its execution by a verified plea. In the absence of such plea, the fact of execution is not in issue. Whether the defendant executed it, or whether it was executed by anyone having authority to bind him, is a fact resting within his own knowledge, and it is not unjust to him to foreclose all inquiry on the point unless he denies it under oath. J. F. Holley Construction Company v. Brown Service Funeral Homes Company, 277 Ala. 251, 168 So.2d 621; Wimberly v. Dallas, 52 Ala. 196.

It is settled that a verified plea of non est factum places the burden upon the plaintiff to prove the execution of the note. Porter v. Porter, 244 Ala. 132, 12 So.2d 186; Ford v. Hodges Boiler & Machine Works, 211 Ala. 153, 99 So. 908; Webb v. Bryant, 209 Ala. 659, 96 So. 907. This has been the rule since Alabama was a territory. In McCoy v. Harrell, Nichols & Co., 40 Ala. 232, this court said:

"2. It is true, as a general rule, that where a defendant pleads an affirmative plea, the onus of proving it lies upon himself; and if he does not appear to sustain his plea, and a judgment by default is rendered in favor of the plaintiff, it will not be reversed on error, for the irregularity works no injury.—Dougherty v. Colquitt, 2 Ala. 337; McCollom & Capel v. Hogan, 1 Ala. 515. But, when a sworn plea is interposed, denying the execution of the instrument sued on, the rule stated has no application. In such case, the parties stand as they did at common law, when the general issue was

pleaded, which devolved on the plaintiff the necessity of proving the execution of the instrument sued on; and such proof not having been made by the plaintiffs in this case, it was error to render a final judgment by default against the defendant.—Crow v. The Decatur Bank, 5 Ala. 249."

■ We agree with the trial court that appellant did not meet the burden of proving execution. The evidence introduced by appellant from the deposition of the defendant as to his signature was equivocal, and while the same evidence would not have been sufficient to support a plea of non est factum, it was also insufficient to prove execution of the note, and that burden was on the plaintiff-appellant at the stage of the trial with which we are here concerned.

Appellant states in brief: "Although we contend Defendant, by his testimony, has waived the effect of his sworn denial, we must admit we have found no cases which support our position." We suggest only one reason why there are no such cases in Alabama. We have held that the plea of non est factum not only pertains to the actual, physical signing of the instrument in question, but also includes pleas of alterations in the instrument since signing, and pleas that the maker was insane at the time he signed the instrument. Sulzby v. Palmer, 196 Ala. 645, 70 So. 1.

In McWilliams v. Phillips, 71 Ala. 80, Chief Justice Brickell, speaking for the court, said:

"In the consideration of all questions of fact, it is not only important, but it is indispensable to a fair, just determination, to bear in mind upon which party lies the burden of proving the disputed fact—which party affirms its existence and claims advantage or benefit from it. When upon a party the law casts the burden and duty of proving a particular fact, if he fails to give evidence of it, the non-existence of the fact is assumed. Or if the evidence in reference to the fact is equally balanced, or if it does not generate a rational belief of the existence of the fact, leaving the mind in a state of doubt and uncertainty, the party affirming its existence must fail for want of proof."

And in Brandon v. Cabiness, 10 Ala. 155, the court observed:

"The result is, that it is left in a state of doubt, and uncertainty, whether the writing was executed by Harris, or not, and this was a matter which the defendant assumed the burden of proving. * * *"

We are convinced that the appellant did not meet the burden of proof.

What we have said disposes of the question but we might add that nowhere in the excerpts from the deposition of the defendant which appellant introduced, is there an identification or description of the note sued on made, either to the witness or to us as a reviewing court. There is reference to "a note," "the note," "that thing" and "that Exhibit Number One, which is the promissory note." The closest thing to an identification of the note as being the one on which suit was brought was a statement to the trial court by counsel for appellant after completing the reading from the deposition. He said "Judge, Plaintiff's Exhibit One is the Promissory Note which we spoke of in his deposition. It is Plaintiff's Exhibit A here, and I offer in evidence Plaintiff's Exhibit A again, at this time." Defendant objected and the objection was sustained.

■ The unsworn statement of counsel was not evidence and there was no stipulation shown to authorize the statement. The trial court did not err in giving the requested affirmative charge without hypothesis.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, and HARWOOD, JJ., concur.