THE PEOPLE *ex rel.* Smith Misner

*v.*

CHARLES HANKER *et al.*

*Opinion filed June 19, 1902.*

1. QUO WARRANTO—*proceeding is not a remedy of absolute right.* A proceeding by information in the nature of *quo warranto* is not a matter of absolute right, and unreasonable delay or acquiescence on the part of the parties complaining will justify a refusal of leave to file the information.

2. SAME—*when court may properly refuse leave to file an information.* Leave to file an information in the nature of *quo warranto* to oust respondents from office as trustees of a village, upon the ground that the statute for incorporation had not been complied with, is properly refused where the village has exercised, without question, for a period of twenty years, the powers and functions of a municipal corporation, levied and collected taxes, improved streets and made other public improvements for which public money has been expended and municipal bonds issued and sold.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. FRANK K. DUNN, Judge, presiding.

W. H. McDONALD, State's Attorney, and BREWER, LOGAN & GREATHOUSE, for plaintiff in error.

LYLE DECIUS, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This writ of error was sued out to reverse a judgment of the circuit court of Cumberland county vacating an order made in vacation by one of the judges of that court, granting leave to the relator to file an information in the nature of a *quo warranto.* The court also quashed the information and writ in said cause. It was agreed on behalf of the parties to the cause that the motion to vacate said order granting leave should be heard and determined as if it were an original petition and motion by the relator for leave to file the information.

The information was filed to oust the respondents, as trustees of the village of Toledo, in Cumberland county, on the ground that the statute for the incorporation of cities and villages had not been complied with in incorporating the town of Prairie City in 1866, and in changing said town of Prairie City to the village of Toledo in 1881. In other words, the contention of the relator was that the village of Toledo, of which village the respondents were the acting trustees, had never been legally incorporated. We think it unnecessary to enter upon a discussion of the alleged defects in the proceedings for incorporation, and for the change of the original town, and its successor, the village of Prairie City, to the present village of Toledo, for the reason it sufficiently appears that the court properly refused leave to file because of the long delay of the relator before making his application, and because of his acquiescence in the organization and acts of the village of which he was an inhabitant,— the delay having been for a period of upwards of twenty years. It appeared that the village had exercised, without question, the powers and functions of a municipal corporation for a period of twenty years, had levied and collected taxes, improved its streets, acquired public property and made provision for lighting the city and for the establishment of a system of water-works, for which public moneys had been expended and municipal bonds issued and sold. Under the circumstances we are satisfied the court did not abuse its discretion in refusing leave to file the information, or what, under the agreed proceedings, amounted to the same thing,—the vacating of the leave theretofore granted. "The proceeding by information in the nature of a *quo warranto* is a subject for the exercise of sound judicial discretion. The rule is the same as in *certiorari* under like circumstances, and the remedy is not a matter of absolute right. It is proper for the court, in the exercise of discretion, to consider all the circumstances of the case, the position and mo-

tives of the relator in having the proceeding instituted, and the necessity and policy of allowing the remedy. An unreasonable delay or an acquiescence on the part of the persons complaining, as well as consideration of the public interest or convenience, will justify a refusal to grant leave to file the information or to proceed to judgment, although no statute of limitations has intervened." (*People* v. *Schnepp*, 179 Ill. 305, and cases therein cited.) Whether the informalities in the organization set up in the affidavits of the relator would or not, if availed of in apt time and in the public interest, have required a judgment of ouster is not now the controlling question, but the question is, did the court abuse its discretion in refusing leave to the relator to make the inquiry. We are of the opinion that it did not, but that the decision rendered was the correct one.

The judgment must be affirmed.

*Judgment affirmed.*