THE PEOPLE *ex rel.* Almon C. Bancroft *et al.* Defendants
in Error, *vs.* W. H. LEASE *et al.* Plaintiffs in Error.

*Opinion filed December 21, 1910—Rehearing denied Feb. 9, 1911.*

1. QUO WARRANTO—*court is not required to enter rule to show
cause why information should not be filed.* It is discretionary with
the court whether a rule shall be entered requiring the respond-
ents to show cause why an information in the nature of a *quo
warranto* shall not be filed, and the court or judge may act upon
the petition *ex parte,* and, if satisfied there is probable cause, may
grant leave to file the information.

2. SAME—*discretion of court in allowing an information to be
filed on the petition alone cannot be reviewed.* If a petition for
leave to file an information in the nature of *quo warranto* shows
probable ground for the proceeding, leave should be granted un-
less good cause is shown for refusing it; and the discretion of
the court in granting such leave without any evidence other than
the petition and without entering any rule on respondents to show
cause why the information should not be filed, cannot be reviewed.

3. DRAINAGE—*objects of respective drainage districts must be determined from the statute.* The objects for which two drainage districts whose territory overlaps were organized cannot be de-termined from averments of the pleadings but must be determined from a consideration of the statute under which the respective districts were organized.

4. SAME—*powers of drainage districts are derived from statute and not from the order of the court.* The powers of a drainage district are derived from the statute and not from the order of the court organizing the district, and where a drainage district is or-ganized under the Levee act it has all the powers conferred by such act, regardless of the wording of the petition to organize the district or the particular work in immediate contemplation, and re-gardless of the expectation or desires of land owners or petitioners.

5. SAME—*two districts organized under same statute have the same purposes and powers.* Two drainage districts organized un-der the Levee act have the same powers and are organized for the same purposes, in law, regardless of the particular work which has been done by one district or is expected to be done by the other.

6. SAME—*levee district is not confined to the work originally reported and confirmed.* Section 59 of the Levee act authorizes a levee district not only to carry out the work originally reported and confirmed but to do additional work if it appears to be neces-sary for more complete drainage of particular lands, and indicates the intention of the legislature to give such district complete ju-risdiction of questions of the drainage of lands of the district, to the exclusion of other authority.

7. SAME—*a district cannot be organized out of territory of an-other existing district.* A levee drainage district cannot lawfully be organized out of territory included in another levee district al-ready organized and in active operation. (*People* v. *Crews,* 245 Ill. 318, followed.)

8. SAME—*court may refuse to allow information to attack or-ganization of district to be filed.* In its sound legal discretion the court may refuse to allow an information in the nature of *quo warranto* to be filed, and may, out of considerations of public in-terest or inconvenience, or because of the unreasonable delay or the acquiescence of the complaining parties, refuse to allow such an information to be filed to test the legality of the organization of a drainage district which has issued and sold bonds, levied as-sessments, incurred liabilities, entered into contracts and other-wise exercised the powers of a drainage district.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

WILLIAM MUMFORD, and EDWARD DOOCY, for plaintiffs in error.

GEORGE C. WEAVER, State's Attorney, (WILLIAMS & WILLIAMS, and ANDERSON & MATTHEWS, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The State's attorney of Pike county filed in the circuit court an information in the nature of a *quo warranto,* charging the plaintiffs in error with usurping and executing, without lawful authority, the office of commissioners of the McCraney Creek Drainage and Levee District, in said county. The plaintiffs in error filed a plea of justification, the People replied, and the plaintiffs in error filed a rejoinder, which was demurred to. The court sustained the demurrer, and, the plaintiffs in error electing to stand by their rejoinder, entered a judgment of ouster against them, to reverse which this writ of error is prosecuted.

The plea set out in detail the various proceedings in the county court of Pike county, under the Levee act, by virtue of which the McCraney Creek Drainage and Levee District was organized and the plaintiffs in error became the commissioners of the district. The replication to this plea alleged that the Sny Island Levee Drainage District was organized in 1880 and has been since exercising the functions of a corporation organized for agricultural and sanitary purposes under the Levee act; that it comprises about 110,000 acres of land in Adams, Pike and Calhoun counties; that after its organization the levee which had been previously built was repaired, and that at the time of such organization a stream, called the Sny Carte, traversed said district, which served as a drain for all waters coming into said district, and that a special assessment was thereafter made for the purpose of cleaning out, straightening, widening and deepening said Sny Carte, and that

special assessments have been made on all the lands in said district, from time to time, for the purpose of improving the levee and the Sny Carte and have been expended for such purposes; that the said district is an existing corporation in successful and satisfactory operation, and that the commissioners thereof are in the peaceful possession of all the territory within said district and are exercising exclusive jurisdiction over the same for drainage and levee purposes; that the McCraney Creek Drainage and Levee District is organized under the same Levee act and comprises about 7000 acres, about 6000 of which are located within the boundaries of the Sny Island Levee Drainage District and were at the time of the pretended organization of the said McCraney Creek Drainage and Levee District and for a long time prior thereto; that it is a part of the proposed plans of the McCraney Creek district to straighten said McCraney creek and to empty its waters into the Sny Carte at a point different from its present outlet; that the said McCraney creek is a silt-bearing stream, and will bear silt and debris into the Sny Carte and fill and obstruct it, and that there will be a conflict of authority between the commissioners of the Sny Island Levee Drainage District and those of the pretended McCraney Creek Drainage and Levee District relative to the right of such change and the emptying of the waters of McCraney creek into the Sny Carte, and as to all matters and things pertaining to the purposes for which said districts, respectively, were organized; that the county court was without jurisdiction of the subject matter, and without authority of law to embrace within said pretended McCraney Creek Drainage and Levee District the lands thereof which are located within the Sny Island Levee Drainage District and subject to its control, jurisdiction and authority.

The rejoinder averred that the Sny Island Levee Drainage District was organized for the sole and exclusive purpose of repairing and maintaining the levee referred to in

said replication and of improving and caring for the said
stream called Sny Carte and for no other purpose whatso-
ever, and has existed and still exists with the powers and
for the purposes above named and no other, and that said
district has not, and never has had, any power or authority
for drainage purposes except as above stated and has never
exercised or attempted to exercise any other or different
powers whatsoever, and that the said district has not the
power or right or the duty to drain, improve and care for
McCraney creek; that the McCraney Creek Drainage and
Levee District was organized for the sole purpose of im-
proving, deepening and otherwise caring for said McCraney
creek, and that the powers and duties of the two drainage
districts above named are entirely separate and distinct,
and that neither of said districts has the legal power or
duty to perform and do the drainage work for which the
other was organized; that the McCraney Creek Drainage
and Levee District does not propose to empty the waters
of McCraney creek at a different point from the present
outlet, but that it does propose to empty said waters into
the Sny at one of the natural outlets at which said creek
now enters said Sny, and that said outlet shall be improved
in such manner as to protect the lands from overflow.   The
rejoinder admits the right of the Sny district to be con-
sulted and satisfied as to the outlet into the Sny of Mc-
Craney creek, and avers that there is and will be no conflict
of authority between the two districts but that they can and
will operate together to a common end.

It is first insisted that the court erred in permitting the
information to be filed, but that question is not the subject
of review.   Under our practice the court may enter a rule
against the defendant to show cause why an information
should not be filed, but it is entirely discretionary with the
court whether such rule shall be entered or not.   The court
or judge may act upon the petition of the relator *ex parte*,
and, if satisfied that there is probable cause, allow the in-

formation to be filed. (*People* v. *Golden Rule,* 114 Ill. 34; *People* v. *Moore,* 73 id. 132; *People* v. *McFall,* 124 id. 642; *People* v. *Town of Thornton,* 186 id. 162.) Since the court might have permitted the filing of the information without any evidence other than the petition, his discretion in allowing leave to file it cannot be reviewed. When the petition shows probable ground for the proceeding, leave should be given to file an information unless good cause is shown for refusing it. *People* v. *Anderson,* 239 Ill. 266.

The regularity of the proceedings in the county court for the organization of the McCraney Creek Drainage and Levee District is not contested. The objection made to the legality of its organization is, that a drainage district can not be organized out of territory included in a drainage district already organized. We so held in *People* v. *Crews,* 245 Ill. 318, and the plaintiffs in error concede that two municipalities cannot exercise jurisdiction over the same territory for the same purpose at the same time. (*West Chicago Park Comrs.* v. *City of Chicago,* 152 Ill. 392; *Bishop* v. *People,* 200 id. 33.) They contend that the Sny Island Levee Drainage District and the McCraney Creek Drainage and Levee District were not organized for the same purpose. They assert in their rejoinder that the Sny Island Levee Drainage District was organized for the sole and exclusive purpose of repairing and maintaining the levee and improving and caring for the Sny Carte, and with no other authority whatever, and with no power to drain, improve or care for McCraney creek, while the McCraney Creek Drainage and Levee District was organized for the sole purpose of improving, deepening and otherwise caring for McCraney creek, and that neither district can do the work of the other; that while the Sny Island Levee Drainage District has a right to be consulted and to be satisfied about the outlet of McCraney creek into the Sny Carte, there will be no conflict of authority between the

two districts but that they can and will operate together to a common end. It will be observed that all these averments are conclusions of the pleader. The objects of the respective organizations must be determined from a construction of the law under which they were organized, and whether they can operate together without conflict no one at this time can possibly determine.

The work immediately in view when the Sny Island Levee Drainage District was organized pertained to the levee and the Sny Carte, but it was organized under the Levee act and had the powers granted to all districts so organized. It was the statute, and not the judgment of the court, which created the corporations, and their powers were derived from the legislature and not the court. (*Blake* v. *People,* 109 Ill. 504; *Huston* v. *Clark,* 112 id. 344.) The power of the court was limited to ascertaining that the requirements of the statute as to the organization of the districts were complied with. It could neither add to nor take from their powers. Regardless of the particular wording of the petition or the special character of the work in immediate contemplation, regardless of the expectation or desires of the land owners or petitioners, the purpose of both organizations was that mentioned in section 2 of the Levee act and their authority was to exercise the functions conferred upon them by law. Not only is a drainage district under the Levee act authorized to carry out the work originally reported and confirmed, but if additional drains or work appear to be necessary for more complete drainage to particular tracts of land, authority is given for that purpose also by section 59 of the act.

It is said that section 59, before the amendment of 1909, was ineffectual in many cases. It may have been so, but it indicates the intention of the legislature that the commissioners of a drainage district should have complete jurisdiction of questions of drainage of the lands of the

district, and of every part of them, to the exclusion of other authority.

This case is not distinguishable from *People* v. *Crews, supra.* The plaintiffs in error were required to show a legal right. The county court had no jurisdiction of the lands within the Sny Island Levee Drainage District, and the record does not show a valid organization excluding those lands.

It has been suggested that there are many cases in which drainage districts have been established within or partly within the territory of other districts and have issued bonds which have been sold to investors, and have levied assessments, incurred liabilities and entered into contracts involving large amounts, and that great losses and great public inconvenience will be produced if all the districts which have been so established, and all their bonds, assessments, liabilities and contracts, are held void, as must be done if the principles involved in the affirmance of this judgment are adopted. This suggestion overlooks the rule that the remedy by an information in the nature of *quo warranto* is not a matter of absolute right but is a subject for the exercise of a sound judicial discretion, and that considerations of the public interest or convenience, as well as unreasonable delay or acquiescence on the part of the persons complaining, will justify a refusal to grant leave to file an information or to proceed to judgment. (*People* v. *Hanker,* 197 Ill. 409; *People* v. *Schnepp,* 179 id. 305.) The principle would have full application in the cases referred to but is without force in this case, in which the order for the organization of the district was made August 18, 1909, the petition for leave to file the information was filed January 1, 1910, and it does not appear that any corporate action was attempted in the meantime.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*