34 So.2d 708

**TOWN OF GRAYSVILLE v. JOHNSON.**

**6 Div. 510.**

Court of Appeals of Alabama.

March 16, 1948.

Rehearing Denied April 6, 1948.

Writ of Certiorari Dismissed May 13, 1948.

See 35 So.2d 339.

F. W. Davies, of Birmingham, for appellant.

480

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

CARR, Judge.

This cause was submitted in the court below on these agreed facts:

"1. That the Town of Graysville is a municipal corporation duly and legally organized and existing under the laws of the State of Alabama and was so existing in June of 1946 at the time all of the matters involved in this case occurred and is still so existing.

"2. That the defendant, David H. Johnson, is a resident citizen of Pickney City, Alabama and does not live within the corporate limits of the Town of Graysville, Alabama, but does conduct a business within a mile and a half of the city limits of the Town of Graysville, Alabama.

"3. Ordinance No. 1 of the Town of Graysville was duly and legally adopted by the Town Council of the Town of Graysville on the first day of February, 1946, and has been in full force and effect since that date, a true and correct copy of said Ordinance is hereto attached and marked Exhibit 1.

"4. On June 5, 1946 and prior thereto during 1946 David H. Johnson was engaged in the operation of a mercantile business in the unincorporated town known as Pickney City, Alabama. Said mercantile business was being conducted at a point 6500 feet from the city limits of the Town of Graysville, Alabama, and approximately 5500 feet from the town limits of the Town of Cardiff, and approximately 5700 feet from the city limits of the Town of Brookside, Alabama. In conducting said general mercantile business said David H. Johnson was engaged in selling dry goods, groceries, patent medicines, soft drinks and tobacco and operated a half-ton truck.

"After the adoption of said Ordinance marked Exhibit 1, demand was made upon the defendant for the payment of a license tax under said Ordinance for the conduct of said businesses, final notice having been given to the defendant by letter dated April 24, 1946, a true and correct copy of which is hereto attached and marked Exhibit 2. The defendant, David H. Johnson, declined and refused to pay any license tax to the Town of Graysville, Alabama claiming that he was not subject to be taxed by the Town of Graysville, Alabama. It is agreed that the said David H. Johnson was conducting all of said businesses as shown on said Exhibit 2 except that he was not engaged in selling ice cream.

"Subsequent thereto an affidavit and warrant was issued for the arrest of the defendant dated the 15th of May, 1946, the original of which is hereto attached to this agreed statement of facts. Said David H. Johnson did execute a bail bond on the 17th day of May, 1946 for $200.00, the original of which is hereto attached and made a part of this agreed statement of facts. On the 5th day of June, 1946 the said David H. Johnson was tried in the Mayor's court of the Town of Graysville, Alabama and a certified copy of the proceedings had in said court at said time are hereto attached and specially made a part of this statement of facts. Subsequent thereto the said David H. Johnson did prosecute an appeal from the judgment of the Mayor's court and did execute an appeal bond in the sum of $300.00 dated the 8th of June, 1946 which was approved by the Mayor of the Town of Graysville on the 10th of June, 1946, the original of which is hereto attached and made a part of this agreed statement of facts.

"It is further agreed that during the years 1946 and 1947 neither the towns of

Brookside nor Cardiff levied any license tax upon the businesses conducted by the said David H. Johnson and that he did not pay any license tax to either of said towns during the year 1946 nor at any other time for the conduct of said businesses. The towns of Brookside and Cardiff have never undertaken to levy any license tax on any businesses conducted in their respective police jurisdictions."

The contentions of the parties are stated in brief of counsel.

Town of Graysville: " * * * that when the police jurisdiction of two towns overlap that one town may exercise its police jurisdiction within the full limit of the police jurisdiction, namely one and one-half miles *unless* and *until* the other town chooses to exercise its police jurisdiction, in which latter event then only both towns can levy to the one-half mark."

Defendant Johnson: " * * * that the Town of Graysville could only exercise its police jurisdiction to the one-half mark between boundaries of the town of Graysville and the towns of Cardiff and Brookside regardless of whether those towns had ever sought to exercise their police powers within the mile and one-half of the Town of Graysville or not."

The trial judge entertained the view of the latter position and rendered a judgment accordingly.

Title 37, § 9, Code 1940 provides: "The police jurisdiction in cities having six thousand or more inhabitants shall cover all adjoining territory within three miles of the corporate limits, and in cities having less than six thousand inhabitants, and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town. Ordinances of a city or town enforcing police or sanitary regulations and prescribing fines and penalties for violations thereof, shall have force and effect in the limits of the city or town and in the police jurisdiction thereof, and on any property or rights of way belonging to the city or town."

■ In applying this section the Supreme Court held in effect that a levy by a city of a license to operate a business within its police jurisdiction precluded another city from subsequently collecting a similar tax from the same business which was also located within the latter's police jurisdiction. Homewood v. Wofford Oil Co., 232 Ala. 634, 169 So. 288.

■ This holding was in consonance with the obvious and self evident proposition "that two lawfully and fully organized public or municipal corporations cannot have jurisdiction and control at one time of the same population and territory and exercise like or similar powers in the same boundaries. McQuillin, Mun.Corp., 2nd Ed., Rev. Vol. 1, Sec. 283, p. 775. See also, Butler et al. v. Walker et al., 98 Ala. 358, 13 So. 261, 39 Am.St.Rep. 61; Florida v. The City of Winter Park, 25 Fla. 371, 5 So. 818; Town of Enterprise et al. v. State ex rel. Attorney General, 29 Fla. 128, 10 So. 740; In re Sanitary Board of East Fruitvale Sanitary Dist., 158 Cal. 453, 111 P. 368; People ex rel. Bancroft et al. v. Lease et al., 248 Ill. 187, 93 N.E. 783.

The Illinois Supreme Court seems to have departed from this doctrine in Chicago Packing Co. v. Chicago, 88 Ill.221, 30 Am. Rep. 545. However, a careful study of the opinion will disclose that the court there was faced with an unusual situation and was dealing with measures for the prevention of potentially obnoxious and possibly vexatious conditions. In any event, latter cases from this jurisdiction adhere to the rule we have announced. People ex rel Bancroft et al. v. Lease et al., supra; Maulding et al. v. Skillet Fork River Outlet Union Drainage Dist., 313 Ill. 216, 145 N.E. 227.

Our court in Hammonds v. City of Tuscaloosa, 21 Ala.App. 286, 107 So. 786, apparently stated a doctrine that is out of harmony with the view we now express. We do not at this time deem it appropriate or necessary to attempt to clarify or modify the holding in the Hammonds case, supra. This for the very good reason that we are here concerned with the provisions and limitations of a specific, applicable statute which has for its purpose the fixation and collection of licenses for the privilege of operating any business, trade or profession which is located without the corporate limits of towns and cities and within the police jurisdiction thereof.

The granting of this power was extended by the legislature in 1927, Act No. 580, p. 674. The application of this law would, in some sections of the State, create or result in an overlapping police jurisdiction. This situation was, no doubt, sensed and anticipated by the lawmakers. So, in 1932 Extra Session, Act No. 235, p. 240, the above act was in effect amended and made more specific and directory in its application, with particular reference to overlapping territory. This last enactment appears in the current code as Sec. 733, Title 37:

"Any city or town within the State of Alabama may, for the protection of lives, health and property of the citizens, the maintenance of good order and quiet of the community and preservation of public morals, fix and collect licenses for any business, trade or profession done within the police jurisdiction of such city or town and without the corporate limits thereof; provided, however, that the amount of such licenses shall not be more than one-half the amount charged and collected as a license for like business, trade or profession done or carried on within the corporate limits of such city, fees and penalties excluded. Provided, further that when the place at which any such business, trade or profession is done or carried on within the police jurisdiction of two or more municipalities which levy the licenses thereon authorized by this section, such licenses paid to and collected by that municipality only whose boundary measured to the nearest point thereof is closest to such business, trade or profession. Provided that this section shall not have the effect to repeal or modify the limitations in this article relating to railroad, express companies, sleeping car companies, telegraph companies, telephone companies and public utilities."

This is the law with which we are primarily concerned.

The second proviso in this section contains the clause "which levy the licenses thereon authorized by this section." It must be admitted and it cannot be denied that some confusion and uncertainty is incident here. A literal perusal of this inclusion lends much emphasis and weight to the contention of the appellant.

■ However, in construing the act, we must not only look to its language but resort must be had to the intention of the legislature, the purpose and object of the enactment, and its relation to other laws and conditions which may arise under its provisions.

■ It is a well settled principle of law that a municipal corporation is a mere instrumentality of the State and its powers are derived from and must be conferred by the legislature, subject, of course, to any constitutional restraints.

"Their powers are such as the Legislature may confer, and these may be enlarged, abridged or entirely withdrawn at its pleasure." Meriwether v. Garrett, 102 U.S. 472, 26 L.Ed. 197. See also, State ex rel. Brooks v. Gullatt et al., 210 Ala. 452, 98 So. 373.

The legislature in the instant act granted the right to municipal corporations within the State to levy license taxes on any business, trade or profession located beyond the corporate limits, and within a prescribed area thereof, in cognizance of the requirements and needs incident "for the protection of the lives, health and property of the citizens, the maintenance of good order and quiet of the community and preservation of public morals."

It is, of course, universally recognized that in the wake of our commercial and industrial progress and in the rapid increase of the population of our urban centers, these needs are not related nor confined solely to the territory within the limits of the municipal boundaries.

It is a, self evident truism that when a business, trade or profession is conducted at a place within the police jurisdiction of two or more municipalities, but without the corporate limits, said operation may reasonably expect and, in practical application, will receive these enumerated protections and privileges from the city or town within the area whose corporate limits are nearest. It, therefore, follows that the location thus favored owes financial allegiance to its benefactor. The power and right given to the municipality to impose a license tax on businesses outside its corporate limits and within its police jurisdiction presupposes and contemplates that in turn some benefit will inure to the payer.

The legislature is without constitutional competency to authorize the imposition of such a license assessment in amount greatly disproportionate to that which is reasonably necessary for the purposes indicated above. To exceed this limitation would in effect be taxation without representation and would amount to a mode of collection for revenue purpose for the city.

Justice Stakely discussed this principle very thoroughly and ably in City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451.

Each of the three municipalities located within the area in question has been granted the right to impose the license assessment. It would be out of harmony with what appears to us to be the intent and purpose of the act to make this privilege dependent upon which one of the three attempts first to exercise the right. We cannot hold that the legislature designed or intended to establish jurisdiction in the matter by any scrambling method. A contrary view would force a situation which would entail much confusion and uncertainty.

In the case at bar the agreed statement of facts discloses that the corporate limits of the Town of Graysville were not the nearest of those of the towns within the area to the location of defendant's place of business. The appellant, therefore, was without authority to impose the license. The lower court so concluded, and it is ordered that the judgment there be affirmed.

Affirmed.