■ In the Matter of SCHOLASTIC SPECIALTY CORPORATION et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [603 NYS2d 357] —Mahoney, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of sales and use taxes imposed under Tax Law articles 28 and 29.

Petitioner Scholastic Specialty Corporation (hereinafter SSC) produces and sells parochial school uniforms in the metropolitan New York City area. While it sells a portion of its products to retailers for resale (a nontaxable transaction [see, Tax Law § 1105 (a)]), pursuant to agreements with various parochial schools it also comes into those schools and sells uniforms directly to the students. As SSC now apparently concedes, these latter sales are subject to sales tax.

In May 1986, the Division of Taxation of the State Department of Taxation and Finance began an audit of SSC's sales tax returns for the period June 1, 1983 to February 28, 1986.[1] At commencement of the audit the Division requested, by letter, all of SSC's pertinent books and records, including, among other things, its general ledger, cash receipts journal, purchase invoices, sales invoices and expense invoices. In response, SSC and its principal, petitioner David Fund, then still maintaining that the uniforms were sold and delivered to the *schools* and not the students and thus were nontaxable, provided the Division auditor only with summary invoices sent to the schools.[2] Apparently relying upon statements made by SSC's accountant that summary invoices were the only invoices used by SSC and that the uniforms were shipped directly to the schools for pickup by the students, the auditor did not seek or obtain the actual shipping memoranda which evidently were in existence. Instead, he calculated petitioners' sales tax liability from the summary invoices, using the

---

1. While SSC had filed sales tax returns for that period, it consistently reported no taxable sales and remitted no tax.

2. These invoices compiled the total uniform sales made annually at each school. Apparently, SSC paid a commission to each school based upon total student sales and the invoices were prepared for purposes of calculating the school's commission.

location of the school as the sales destination for purposes of determining the applicable sales tax percentage and the general ledger to determine the actual income derived from the sales. Moreover, because the general ledger was maintained on a calendar year basis, the auditor made certain estimates in calculating the amount of bank deposits for a given sales tax quarter. In particular, the auditor added the bank deposits for a six-month period and divided the result in half to calculate the amount of income derived from the sales per quarter. Under this computation, the Division ultimately concluded that petitioners owed $141,638.47.

Thereafter, petitioners sought administrative review claiming that the Division erred in resorting to estimating techniques to calculate SSC's tax liability because its books and records were sufficient to allow an exact computation of the tax. The Administrative Law Judge agreed and canceled the assessments, prompting the Division to file a notice of exception with respondent Tax Appeals Tribunal (hereinafter respondent). Respondent determined that the Division made an adequate request for SSC's books and records and that those records, as provided, were insufficient to compute the sales tax exactly, thus rendering estimation proper. Concluding further that petitioners failed to satisfy their burden of proving that the Division's estimated methodology was erroneous, respondent granted the Division's exception and reversed the Administrative Law Judge's determination. This CPLR article 78 proceeding by petitioners ensued.

Upon review, petitioners urge principally that the Division failed to make a proper request for necessary records, namely the shipping memoranda which they claim would have indicated that the uniforms were shipped directly to the students' homes and not to the schools, and that under the authority of *Matter of Christ Cella, Inc. v State Tax Commn.* (102 AD2d 352) this dereliction renders the entire assessment void. Initially, we disagree that the request was inadequate. A review of the hearing transcript reveals ample support for respondent's conclusion that all information given by petitioners and the accountant to the auditor was that the summary invoices were the only invoices and that the uniforms were delivered to the schools. While the record does indicate that the auditor was aware of documents called shipping memoranda, because, based upon the information received, he had every reason to believe that the summary invoices contained all the information necessary to calculate the gross sales and past due sales tax, we see no error in the subsequent failure to specifically

request the shipping memoranda. In this regard, it is also significant to note that these documents were not made available to the auditor despite the fact that they constituted sales invoices for which a request was made, and there is nothing in the record to indicate, in any event, that these documents would have disclosed that the uniforms actually were shipped to the students' homes. In sum, we agree with respondent that any error which occurred in the auditor's understanding of SSC's business was an error of petitioners' own making. Undoubtedly, the Division is entitled to rely upon representations made by the taxpayer.

Nor do we believe that petitioners satisfied their burden of proving that the Division's audit methodology was unreasonable or that the assessment was erroneous. It is undisputed that none of the documentation provided by petitioners enabled the auditor to compute taxable sales as adjusted for returns or to compute actual bank deposits as adjusted for returned checks, and thus, as supplied, the books and records were insufficient to make an exact attribution of its sales tax receipts to each sales tax quarter. Accordingly, the Division properly used an indirect audit method to calculate the tax based upon the records provided (see, Matter of Vebol Edibles v State of N. Y. Tax Appeals Tribunal, 162 AD2d 765, lv denied 77 NY2d 803). Briefly, this method consisted of first totaling all resale sales invoices to arrive at total gross taxable sales. This figure was then broken down by tax jurisdiction, using the location of the school to determine the appropriate tax jurisdiction and the resultant figures were, in turn, divided by the total gross taxable sales to ascertain the percentage of total gross taxable sales attributable to a particular tax jurisdiction. These percentages were applied to SSC's bank deposits for a particular tax quarter to ascertain the percentage of actual sales attributable to each tax jurisdiction. Finally, the appropriate tax rate was applied to the sales attributable to each tax jurisdiction.

While petitioners argue that the methodology used by the Division to allocate bank deposits to sales tax quarters was erroneous as was using the school location as the sales destination for tax purposes, based upon a review of the record we are unpersuaded that they have satisfied their heavy burden of proving by clear and convincing evidence that the methodology was "unreasonably inaccurate and the tax assessed erroneous" (Matter of Shukry v Tax Appeals Tribunal, 184 AD2d 874, 876). While, concededly, the Division could have made a more accurate calculation of bank deposits by using

petitioners' records of daily collection, it is now well established that the fact that a method exists that could theoretically result in a more precise calculation does not, ipso facto, render the methodology used unreasonable *(see, supra).* In any event, the record reveals that petitioners' attempt to compute SSC's actual sales tax liability using actual bank deposits per sales quarter resulted in a calculated liability of $139,365, compared to the Division's figure of $141,638. Moreover, in five of the sales tax quarters the tax liability computed by petitioners' accountant numbers was actually greater than that found by the Division. For those quarters, petitioners were willing to accept the Division's computations, a position which, in and of itself, militates against their claim that the Division's figures were erroneous.

As a final matter, while petitioners attempt to argue that using the school location as the shipping destination for sales tax purposes was error, not only is this position contrary to their original position, they submitted no independent evidence *clearly* establishing that the uniforms were sent to the students directly. The sole shipping memorandum submitted, inasmuch as it recited only the invoice amount and the billing address, was, at best, inconclusive on this subject. While Fund testified that the items were shipped to the billing address, in view of the prior statements made to the contrary, Fund's hearing testimony standing alone is, in our view, insufficient to satisfy petitioners' burden of proof in this regard. In any event absolutely no attempt was made to establish what petitioners' sales tax liability would be using the students' residences for purposes of determining tax jurisdiction.

Yesawich Jr., J. P., Crew III, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.