■ In the Matter of CENTER MORICHES MONUMENT COMPANY, INC., Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [621 NYS2d 720] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

By this proceeding, petitioner challenges a determination of respondent Tax Appeals Tribunal partially sustaining a notice of determination and demand for payment of sales and use taxes for the period March 1, 1977 through April 30, 1987, and interest and penalties thereon. The issues raised by petitioner lack merit and we accordingly confirm. Initially, we reject the contention that because of the untimely answer by the Audit Division of the Department of Taxation and Finance, the Tax Appeals Tribunal was required to grant petitioner's motion for a default determination of its petition for administrative review of the assessments. It appears that the Audit Division's default was at least partially the result of confusion engendered by the procedure employed by petitioner, wherein it paid the assessment prior to either requesting a hearing or filing a petition and subsequently failed to apply for a refund. Further, in a case, as here, where a regulatory time limit is merely directory *(see,* 20 NYCRR 3000.3 [c]; 3000.4 [a] [1], [4]; *Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 817-818), "relief will be granted only if petitioners show that substantial prejudice

resulted from the noncompliance" *(Matter of Syquia v Board of Educ.,* 80 NY2d 531, 535). Here, petitioner has made no showing of substantial actual prejudice attributable to the delay and has thus failed to satisfy its burden of establishing its entitlement to dismissal of the complaint *(see, Matter of Harris & Assocs. v deLeon,* 84 NY2d 698; *Matter of Corning Glass Works v Ovsanik,* 84 NY2d 619; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, *cert denied* 476 US 1115). Clearly, the important public interest of collecting taxes, together with the penalties and interest properly assessed thereon, is not outweighed by any particularized injury to petitioner *(see, supra).*

Next, petitioner having failed to maintain accurate records *(see,* Tax Law § 1135), the Audit Division was entitled to "select a method reasonably accurate to assess the taxes due" *(Matter of Manno v State of N. Y. Tax Commn.,* 147 AD2d 805, 807, *lv denied* 74 NY2d 610, *appeal dismissed* 75 NY2d 864, *cert denied* 498 US 813; *see,* Tax Law § 1138 [a] [1]; *Matter of Scholastic Specialty Corp. v Tax Appeals Tribunal,* 198 AD2d 684, 686-687, *lv denied* 83 NY2d 751) and petitioner has not sustained its burden of establishing by clear and convincing evidence that "both the audit method utilized * * * and the amount of the taxes assessed were erroneous" *(Matter of Flanagan v New York State Tax Commn.,* 154 AD2d 758, 759; *see, e.g., Matter of Del's Mini Deli v Commissioner of Taxation & Fin.,* 205 AD2d 989, 991). Finally, neither petitioner's ignorance of the law concerning its obligation to remit sales and use taxes nor its reliance upon the advice of its accountant constitutes reasonable cause for its nonpayment such as to justify abatement of penalties *(see, Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin.,* 170 AD2d 842, 844, *lv denied* 78 NY2d 859).

We have considered and rejected petitioner's remaining contentions.

Cardona, P. J., White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.