The Town of Killen ("Killen") appeals from a summary judgment entered in favor of William Doyle Clemmons in Killen's action to enforce its business-license authority inside Killen's municipal police jurisdiction.
A portion of the western police jurisdiction of Killen overlaps a portion of the eastern police jurisdiction of the City of Florence ("Florence"). In 1981, Killen adopted an ordinance imposing a business-license tax on business entities storing, selling, or distributing gasoline or other motor fuels in Killen or in Killen's police jurisdiction.[1] Clemmons, doing business as "Clemmons Spur," is a distributor and *Page 671 
retailer of gasoline for sale to the general public; after opening a Spur gas station in the overlapping portion of Florence's and Killen's police jurisdictions, he failed to pay Killen the appropriate business-license tax.
On November 18, 2005, Killen filed a complaint in Lauderdale Circuit Court requesting that Clemmons be directed (1) to make an accounting of all gasoline sold or distributed since October 2004 and (2) to make payment of the proper business-license tax for every month in which Clemmons had failed to pay that tax. Clemmons, relying on the Court of Appeal's decision in Townof Graysville v. Johnson, 33 Ala.App. 479, 34 So.2d 708
(1948), responded to Killen's action by filing a motion to dismiss alleging that Killen had failed to state a claim for which relief could be granted. Following a hearing on that motion, the circuit court denied Clemmons's motion.
Subsequently, Clemmons filed a motion seeking a summary judgment in his favor, again relying on the Town ofGraysville decision. After conducting a summary-judgment hearing, the circuit court determined that there was no genuine issue of material fact and that Clemmons was entitled to a judgment as a matter of law. After the summary judgment in favor of Clemmons was entered, Killen filed a timely appeal, and the Alabama Supreme Court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Our well-established summary-judgment standard of review is as follows:
 "A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R. Civ. P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required."
Sizemore v. Owner-Operator Indep. Drivers Ass'n, Inc.,671 So.2d 674, 675 (Ala.Civ.App. 1995) (citations omitted).
In this case, the dispositive issue is whether, as a matter of law, Killen is prohibited from collecting business-license taxes from Clemmons and any other businesses that are closer to the municipal boundary of Florence than to Killen in the overlapping police jurisdictions of Killen and Florence based the decision of the Court of Appeals in Town of Graysville. At the time this action was commenced, § 11-51-91, Ala. Code 1975, stated, in pertinent part, that "[a]ny city or town within the State of Alabama may fix and collect licenses for any business, trade or profession done within the police jurisdiction of such city or town but outside the corporate limits thereof."[2]
That Code section also contained the following proviso:
 "[P]rovided further, that when the place at which any such business, trade or profession is done or carried on is within the police jurisdiction of two or more municipalities which levy the licenses thereon authorized by this section, such *Page 672 
licenses shall be paid to and collected by that municipality only whose boundary measured to the nearest point thereof is closest to such business, trade or profession."
(Emphasis added.)
In Town of Graysville, which construed the predecessor to § 11-51-91, the Court of Appeals was asked to interpret the proper application of a proviso identical to the one in § 11-51-91. The court first made a determination that the proviso created "some confusion and uncertainty."33 Ala.App. at 482, 34 So.2d at 711. The court based its statutory interpretation upon the following presumption.
 "It is a self evident truism that when a business, trade or profession is conducted at a place within the police jurisdiction of two or more municipalities, but without the corporate limits, said operation may reasonably expect and, in practical application, will receive these enumerated protections and privileges from the city or town within the area whose corporate limits are nearest."
Town of Graysville, 33 Ala.App. at 482,34 So.2d at 711. Based upon that presumption, the Court of Appeals concluded that only the municipality having its corporate limits closest to a business located within overlapping police jurisdictions would be authorized to levy fees and taxes upon that business under the statute. That legal conclusion is challenged by Killen in this appeal.
Killen relies on certain pertinent facts that are present in this case that were not present in Town of Graysville, especially the fact that Florence and Killen have an agreement that only Killen will levy taxes in the overlapping police jurisdictions of the two municipalities. Contained in the record are several affidavits from municipal officers and employees of Florence and Killen that were offered by Killen in opposition to Clemmons's summary-judgment motion. The affidavit from Florence's city clerk, Robert M. Leyde, states that "Florence does not assess or collect business license fees, or other business taxes, from [Clemmons's] business or any other businesses located in the overlapping jurisdiction." In addition, Leyde noted that Florence had no future plans to charge businesses for licenses in the over-lapping area of the two municipalities' police jurisdictions. In his affidavit, the mayor of Killen, Jerry Mitchell, noted that Killen and Florence "have enjoyed an un-written agreement that Killen may require those business licenses and collect the fees, since it also provides the police and fire services" in the overlapping police jurisdictions.
The brief filed by the Alabama League of Municipalities as amicus curiae posits that the Town of Graysville
decision rests primarily upon an inaccurate determination that the statute authorizing municipalities to levy business-license fees in their police jurisdictions is ambiguous and confusing, a determination that was combined with an inapplicable assumption concerning the statute. The Court of Appeals in Town ofGraysville opined that because the proviso contained the clause "which levy the licenses thereon authorized by this section," the proviso necessarily engendered "some confusion and uncertainty." Town of Graysville, 33 Ala.App. at 482,34 So.2d at 711. The amicus brief posits, and we agree, that the proviso at issue exists simply to resolve potential disputes between two or more municipalities, each of which has chosen to levy license taxes in their overlapping police jurisdictions.
 "The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute. *Page 673 Gholston v. State, 620 So.2d 719 (Ala. 1993). Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says. IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344 (Ala. 1992)."
Ex parte State Dep't of Revenue, 683 So.2d 980, 983
(Ala. 1996). Using those generally accepted rules of statutory construction, we conclude that the statutory proviso limiting municipal license-taxing authority to the municipality whose corporate limits are nearest to the subject business logically applies, by its plain language, only when two or more municipalities actually attempt to levy a license tax on the same business within the overlapping police jurisdictions. We must therefore also conclude that the holding of Town ofGraysville is incorrect.[3]
In the instant case, Clemmons cannot reasonably expect any protections or benefits from Florence, even though his business is physically located closer to the corporate limits of Florence than to those of Killen. Among Killen's summary-judgment submissions were affidavits from several officials and employees of Florence that established the fact that Florence has never offered any municipal services in the area of the municipalities' overlapping police jurisdictions and does not levy or collect any fees or taxes in that portion of its police jurisdiction. The affidavit from the Florence city clerk indicates that Florence has decided to waive its right to impose or collect any fees or taxes in the portion of its police jurisdiction that overlaps Killen's police jurisdiction in contemplation of never having to provide municipal services in the overlapping area. In fact, the affidavit from the mayor of Killen states that the two municipalities had an "unwritten" understanding that only Killen would levy taxes in the overlapping police jurisdictions and that only Killen would provide municipal services such as fire and police protection in that specific area.
In this case, the fact that Killen is the only municipality exercising its taxing authority and providing police and fire services within the overlapping police jurisdictions compels us to conclude that the circuit court erred when it entered a summary judgment in favor of Clemmons. We, therefore, overruleTown of Graysville[4] insofar as it can be read to prevent a municipality, such as Killen, from collecting a business-license tax with respect to a business located within two municipalities' overlapping police jurisdictions. We reverse the circuit court's judgment and remand the cause to allow the circuit court *Page 674 
to properly apply the plain language of § 11-51-91, Ala. Code 1975, in fashioning a judgment in accordance with this decision.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
BRYAN, J., dissents, with writing.
[1] Killen's ordinance was enacted pursuant to the legislative authority conferred at § 11-51-91, Ala. Code 1975.
[2] Section 11-51-91 was amended by Act No. 2006-586, Ala. Acts 2006; the amendment "shall become effective for license years beginning after December 31, 2007. . . ." See, Act No. 2006-586. The provisions of § 11-51-91 that are relevant to this appeal have not been substantially altered by the amendment.
[3] Although we agree with the proposition that, by readopting older statutory language without change after the release of an Alabama Supreme Court decision interpreting that language, the legislature may be indicating an intent to adopt that court's interpretation of the pertinent language, we also recognize that that principle is inapplicable "to decisions of an inferior or intermediate court." See Sparks v. Louisville Nashville R.R., 277 Ala. 25, 29, 166 So.2d 865, 869
(1964); see also Rea v. Keller, 215 Ala. 672,112 So. 211 (1927).
[4] We note that Town of Graysville has only been cited in three Alabama opinions since it was decided in 1948; none of those cases were related to municipal taxing authority. Two of those decisions dealt with annexation disputes (Stateex rel. City of Birmingham v. City of Tarrant City,294 Ala. 304, 315 So.2d 583 (1975), and City of Leeds v. Town ofMoody, 294 Ala. 496, 319 So.2d 242 (1975)); the third case resolved a conflict-of-interest dispute in which a municipal official was also an officer of a publicutility board (Stateex rel. Richardson v. Morrow, 276 Ala. 385, 162 So.2d 480
(1964)).