68 So.3d 840 (2011)
TOWN OF WESTOVER
v.
James BYNUM and J & F Enterprises, LLC, d/b/a the 51 Country Store.
2100048.
Court of Civil Appeals of Alabama.
February 11, 2011.
*841 William R. Justice of Wallace, Ellis, Fowler & Head, Columbiana, for appellant.
Submitted on appellant's brief only.
THOMAS, Judge.
The Town of Westover ("the Town"), appeals from the trial court's judgment entered in a declaratory-judgment action filed by James Bynum and J & F Enterprises, LLC, d/b/a The 51 Country Store ("the Country Store"); Bynum is the sole member of the Country Store. We reverse and remand.
The parties submitted a joint stipulation of the relevant facts to the trial court. The Country Store is a retail business located in an unincorporated area of Shelby County; in other words, it is not within the corporate boundaries of any municipality. The Country Store is, however, located within the Town's police jurisdiction.
Revenue Discovery Systems ("RDS"), working on behalf of the Town, conducted an audit of the Country Store. The audit revealed that the Country Store had never paid any sales taxes or business-license fees to the Town and that, pursuant to the Town's ordinance no. 2005-10-04-061, which the Town had adopted pursuant to §§ 11-51-200 and -206, Ala.Code 1975, and the Town's ordinance no. 2007-11-6-147, which the Town had adopted pursuant to § 11-51-91, Ala.Code 1975, the Country Store owed the Town $47,011.44 in sales taxes, business-license fees, interest, and penalties dating back to December 1, 2005.
*842 On January 20, 2010, Bynum and the Country Store filed a complaint against the Town seeking a declaratory judgment and injunctive relief regarding the Country Store's alleged sales-tax and business-license-fee obligation. The Town answered the complaint on February 18, 2010.
On June 24, 2010, the parties filed a joint stipulation of facts. At the request of the trial court, the Town filed a trial brief on August 4, 2010, and Bynum and the Country Store responded on August 24, 2010.
Following a hearing on August 30, 2010, at which no evidence was taken, the trial court entered a final judgment on September 20, 2010, stating, in pertinent part:
"1. Based on the facts presented to the Court, this Court determines that there was no actual or constructive notice given to [Bynum and the Country Store] concerning [their] duty to collect sales tax within the [Town's] Police Jurisdiction, prior to December 11, 2009. Therefore, prior to this date [Bynum and the Country Store are] absolved from any previously calculated tax liability due and payable to the [Town] through the [RDS].
"2. Subsequent to the date of notice, [Bynum and the Country Store] do[] owe sales tax pursuant to the [Town's] Ordinance No. 2005-10-04-0601. Said tax shall be computed by [Bynum], based on sales from that date going forward and the tax due from December 11, 2009 through August 31, 2010 shall be paid to [Town] within ninety (90) days of the date of this Order.
"3. Going forward, [Bynum and the Country Store] shall be subject to the municipal ordinances of the [Town] ... concerning collection of sales tax and requirement of business license within its police jurisdiction, so long as [the Country Store] remains located therein and is not a part of any other incorporated municipality, or there is no other municipality, more closely located to [the Country Store], that collects sales tax and business license fees, within its police jurisdiction."
The Town appealed.
The trial court in this case applied the law to undisputed, stipulated facts. Our review therefore is de novo.
"`When reviewing a case in which the trial court sat without a jury and heard evidence in the form of stipulations, briefs, and the writings of the parties, this Court sits in judgment of the evidence; there is no presumption of correctness. Old Southern Life Ins. Co. v. Williams, 544 So.2d 941, 942 (Ala.1989); Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala.1990). When this Court must determine if the trial court misapplied the law to the undisputed facts, the standard of review is de novo, and no presumption of correctness is given the decision of the trial court. State Dep't of Revenue v. Garner, 812 So.2d 380, 382 (Ala.Civ.App.2001); see also Ex parte Graham, 702 So.2d 1215 (Ala.1997). In this case the trial court based its decision upon the stipulations, briefs, writings, and arguments of the parties' attorneys. No testimony was presented. Therefore, we must sit in judgment of the evidence, and the trial court's ruling carries no presumption of correctness.'"
American Res. Ins. Co. v. H & H Stephens Constr., Inc., 939 So.2d 868, 872-73 (Ala. 2006) (quoting Bean Dredging, L.L.C. v. Alabama Dep't of Revenue, 855 So.2d 513, 516-17 (Ala.2003)).
In its judgment, the trial court concluded that "there was no actual or constructive notice given to [Bynum and the Country Store] concerning [their] duty *843 to collect sales tax ... prior to December 11, 2009."[1] As a result, the trial court held that Bynum and the Country Store's liability under the Town's ordinances did not accrue until December 11, 2009. However, there is no evidence in the record to support the trial court's conclusion that Bynum and the Country Store did not have notice of the Town's ordinances until December 11, 2009. The parties filed a joint stipulation of facts, which made no mention of whether Bynum and the Country Store had notice of the Town's ordinances. Further, the trial court received no evidence at trial. The only mention of whether Bynum and the Country Store had notice of the Town's ordinances was in Bynum and the Country Store's trial brief, in which they alleged that they had "never received notice from [the Town] regarding the Ordinance upon which it relies regarding the collection of Sales Tax and License within its Police Jurisdiction." The statement in Bynum and the Country Store's trial brief is an unsworn statement made by counsel, which is not considered evidence. Singley v. Bentley, 782 So.2d 799, 803 (Ala.Civ.App.2000) (citing American Nat'l Bank & Trust Co. v. Long, 281 Ala. 654, 207 So.2d 129 (1968)). Therefore, because there is no evidence to support the trial court's finding that Bynum and the Country Store had not received notice of the Town's ordinances before December 11, 2009, we reverse the trial court's judgment insofar as it absolves Bynum and the Country Store from liability for sales taxes and business-license fees accruing before December 11, 2009, and we remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, with writing.
MOORE, Judge, concurring in the result.
I concur with the main opinion that the judgment should be reversed, but I do so for reasons different than those contained in the main opinion.
In its final judgment, the trial court concluded that the Town of Westover's ordinance nos. 2005-10-04-061 and 2007-11-6-147 ("the ordinances") applied to the 51 Country Store ("the Country Store"), a business that is owned by J & F Enterprises, LLC, and that is currently located in an unincorporated part of Shelby County but is within the overlapping police jurisdictions of the Town of Westover ("the Town") and the City of Chelsea, the latter of which does not levy or collect sales taxes or business-license fees. J & F Enterprises and James Bynum, the sole member of J & F Enterprises (hereinafter referred to collectively as "J & F"), do not dispute that legal conclusion, which is now the law of the case. See Norandal U.S.A., Inc. v. Graben, 18 So.3d 405, 410 (Ala.Civ. *844 App.2009) (failure of appellee to file cross-appeal made adverse ruling of trial court law of the case). Hence, I find no need to address the correctness of that legal conclusion, other than to note that it seems consistent with our decision in Town of Killen v. Clemmons, 963 So.2d 670 (Ala. Civ.App.2007) (construing Ala.Code 1975, § 11-51-91, as authorizing a municipality to levy and collect business-license fees from a business located in an overlapping police jurisdiction if the nearest municipality does not collect such taxes), and Ala. Code 1975, § 11-51-206 (authorizing a municipality to collect sales taxes from businesses located outside its corporate limits but within its police jurisdiction).
Despite its conclusion that the ordinances applied to the Country Store, the trial court determined that they could not be enforced against J & F as to any date before December 11, 2009, because J & F did not have actual or constructive notice of its duty to pay the fees or collect taxes before that date. On appeal, the Town primarily argues that J & F had constructive notice of the ordinances and that any alleged actual ignorance of the law does not excuse J & F's failure to comply with the ordinances. The Town secondarily argues that no admissible evidence supports the trial court's finding that J & F did not have actual notice of the ordinances.
As stated by the Town in its brief to this court, as a matter of law,
"the publication or posting of an ordinance as required by law serves as notice, and no further notice, including to those affected by the ordinance, is necessary. 5 MCQUILLIN MUN. CORP. § 16:75 (2010). Notice of such an ordinance is required to be taken by anyone upon whom it has a binding effect, analogous to the rule that everyone is presumed to know the law. Id. § 15:25. `All persons upon whom valid ordinances are binding are charged with constructive notice of those ordinances, and a defendant cannot show that he or she did not know of the existence of the ordinance.' Id. § 27:65."
Based on the foregoing principles, actual knowledge of an ordinance is immaterial if a citizen has constructive knowledge of the ordinance through its enactment, publication, and/or posting.
In this case, the trial court specifically found that J & F did not have constructive notice of the ordinances.[2] Such a finding could only be based on evidence indicating that the ordinances had not been validly enacted, published, and/or posted. In that regard, under Alabama law, it is presumed that a municipality performed all acts necessary to validate an ordinance; however, that presumption may be rebutted by evidence to the contrary. Chadwick v. Town of Hammondville, 270 Ala. 618, 622, 120 So.2d 899, 902 (1960) ("It has been determined that when a city passes an ordinance, the presumption applies that the city did what was necessary to make that ordinance valid and when a city ordinance is not invalid on its face, the burden of alleging and proving facts to support the claims of invalidity, is on the party so asserting."). J & F did not offer any evidence or enter into any stipulation disputing the validity of the ordinances or their publication or posting. In fact, the parties stipulated that the Town was relying *845 on ordinance nos. 2005-10-04-0601 and 2007-11-6-147, which authorize the Town to collect sales taxes and business-license fees, respectively, from businesses located within the Town's police jurisdiction, and the parties attached the ordinances to their joint stipulation for the trial court's consideration.
The Town did not file a postjudgment motion with the trial court regarding the insufficiency of the evidence to support the trial court's factual finding that J & F had not received constructive notice of the ordinances. Ordinarily, an appellate court cannot review the sufficiency of the evidence to support a judgment in the absence of an adverse ruling on a postjudgment motion directing the trial court to the issue; however, when a trial court makes specific findings of fact, an appellate court can review the sufficiency of the evidence to support those findings without the necessity of an adverse ruling on a postjudgment motion. Rule 52(b), Ala. R. Civ. P. ("When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial.").
"The trial court's ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge is the trier of the facts. Moreover, by making written findings of fact, the trial judge has had the additional opportunity to reconsider the evidence and discover and correct any error in judgment which he or she may have made upon initial review. Thus, when written findings of fact are made, they serve the same useful purpose as does an objection to the trial court's findings, a motion to amend them, a motion for a new trial, and a motion to dismiss ...  to permit the trial judge an opportunity to carefully review the evidence and to perfect the issues for review on appeal."
Ex parte Vaughn, 495 So.2d 83, 87 (Ala. 1986). Because the trial court specifically found that J & F did not receive constructive notice of the ordinances, we may address the Town's argument that no evidence supports that factual determination.
Upon due consideration, I conclude that, because J & F did not present any evidence to rebut the presumption that the ordinances were validly enacted, published, and posted, the trial court had no evidentiary basis for finding that J & F had not received constructive notice of the ordinances.
Because J & F had constructive notice of the ordinances, its lack of actual notice of the ordinances is immaterial to their enforcement. See Center Moriches Monument Co. v. Commissioner of Taxation, 211 A.D.2d 947, 621 N.Y.S.2d 720 (1995) (ignorance of sales tax no excuse); and Alford v. Butler, 211 Tenn. 663, 367 S.W.2d 281 (1963) (same). Therefore, I find no need to address that point, although I do agree with the main opinion that no admissible evidence supported a finding of lack of actual notice.
The trial court committed reversible error in finding that J & F lacked constructive notice of the ordinances before December 11, 2009. The judgment should be reversed and the cause remanded with instructions to vacate those portions of the judgment denying enforcement of the ordinances before December 11, 2009, and to enter a new judgment finding the ordinances to be enforceable against the Country Store from the date of their adoption and awarding the Town the taxes and business-license *846 fees due.[3]
NOTES
[1] Judge Moore, in his special writing, faults the majority for failing to address whether the ordinances were validly published and/or enacted. Judge Moore appears to believe that the trial court's holding that Bynum and the Country Store did not have constructive notice of the ordinances, coupled with the Town's argument on appeal that Bynum and the Country Store did have constructive notice of the ordinances, sufficiently demonstrates that the issue of valid publication and/or enactment was raised and tried in the trial court. However, Bynum and the Country Store never raised the issue of valid publication and/or enactment below  Bynum and the Country Store presented neither an argument nor evidence concerning the issue to the trial court  and we will not address an issue raised for the first time on appeal. See George v. George, 14 So.3d 180, 183 (Ala.Civ.App. 2009) (citing Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992)).
[2] The trial court evidently concluded that constructive notice was an issue in the case and resolved that issue adversely to the Town. On appeal, the Town does not challenge the trial court's conclusion that constructive notice was an issue; it attacks only the sufficiency of the evidence to support the finding that J & F did not have constructive notice of the ordinances. Therefore, this court cannot decide that constructive notice was not raised as an issue in the trial court below, as the main opinion asserts. 68 So.3d at 843 n. 1.
[3] The Town adopted ordinance no. 2005-10-04-061 on October 4, 2005; it adopted ordinance no. 2007-11-6-147 on November 6, 2007. The Town audited the Country Store's receipts for the period December 1, 2005, through September 30, 2009. That audit found that J & F owed $35,514.61 in back sales taxes, along with interest of $3,735.37 and penalties of $7,107.20. The audit also found that J & F owed $450 in business-license fees, along with $89.96 in interest and $112.50 in penalties. The record is unclear whether the Town is attempting to recover business-license fees predating November 6, 2007; however, J & F has never argued that point, so the judgment should award the Town the full audited amount.